155 So.2d 234 (1963)
Carl D. WALKER, Plaintiff and Appellant,
v.
James N. SIMMONS and R. D. Chalmers, Defendant and Appellee.
No. 892.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1963.
*235 Gahagan & Gahagan, by Marvin F. Gahagan, Natchitoches, for plaintiff-appellant.
Watson, Williams & Brittain, by Arthur C. Watson, Natchitoches, Gamm & Greenberg, by Sylvian W. Gamm, Shreveport, Lloyd G. Teekell, Alexandria, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a tort action for damages to plaintiff's corn crop. Plaintiff alleges that the defendants, James N. Simmons and R. D. Chalmers, were engaged in a joint venture for the cutting and removing of timber from the land of Chalmers, when their employees negligently cut a wire fence surrounding plaintiff's field, allowing cattle to go upon plaintiff's land and destroy his corn crop. The district judge sustained an exception of no cause of action filed by defendant Chalmers, owner of the land on which the timber was being cut. From this judgment plaintiff has appealed.
The issue presented on appeal is whether plaintiff has alleged in his petition a set of facts showing that a joint venture existed between the defendants, Chalmers and Simmons.
Article 9 of plaintiff's petition alleges that "defendants, James N. Simmons and R. D. Chalmers, were performing a joint venture for the cutting and removing of the timber on the property adjacent to that cultivated by petitioner. The said defendants entered into a certain written contract concerning the removal of said timber, which contract is dated October 19, 1960, a copy of said contract being annexed hereto and made a part hereof. As a condition of said contract, the defendant herein, R. D. Chalmers, obligated himself to provide full rights of ingress and egress to and from the land on which the timber was located, with the result that the said defendant, R. D. Chalmers, is equally liable with the defendant, James N. Simmons, for the cutting of petitioner's fence, resulting in the loss of his corn crop."
The timber sale attached to plaintiff's petition states that Chalmers sells to Simmons all of the merchantable timber, on certain tracts of land, for a price of a certain sum per each 1,000 board feet of various types of timber cut and removed. The sale also contains the provision that the vendee has 30 months within which to remove the timber and that vendee, his heirs and assigns, has "the right of ingress and egress to and from the above described tracts during the term hereof, for the purposes of cutting. * * *"
As we understand plaintiff's argument, it is that since a servitude of passage is part and parcel of the estate to which it is due (LSA-C.C. Art. 654) it cannot be sold separate from the estate *236 to which it appertains. Applying this legal conclusion to the facts of the instant case, plaintiff argues that Chalmers, owner of the land, did not and could not sell a servitude of passage to Simmons, without selling the land itself rather than only the timber. Plaintiff does not state precisely how this would result in a joint venture between the landowner and the timber purchaser, and we are unable to conclude that it would.
Without elaborating, we note that the cases and codal articles cited by plaintiff concern estates to which a servitude is due rather than estates on which a servitude exists, as in the present matter. We think the applicable codal provisions are LSA-C.C. Art. 709 which provides that "Owners have a right to establish on their estates, or in favor of their estates, such servitudes as they deem proper; * * *." and LSA-C.C. Art. 722 which provides that "The right of passage, or of way, is a servitude imposed by law or by convention, * * *. When it is a result of a contract, its extent and the mode of using it is regulated by the contract." In the instant case, Chalmers, the owner of the land, has, by the timber sale contract, established on his land a servitude of passage which, under the terms of the contract, is to have a term of 30 months for the purpose of allowing Mr. Simmons, owner of the timber, to cut and remove same. We think these codal articles clearly provide for the establishment of such a servitude of passage by contract.
As noted in the comment found in 25 Tulane Law Review 382, the concept of joint venture in Louisiana eludes precise definition and must be applied in the light of the facts of each particular case. Hero & Co. v. Farnsworth & Chambers Co., 236 La. 306, 107 So.2d 650. However, the essential elements of joint adventure are generally the same as those of partnership, i. e., two or more persons combining their property, labor, skill, etc. in the conduct of a venture, for joint profit, with each having some right of control. Fossier v. American Printing Co., Ltd., La.App., 130 So.2d 529. In the instant case, the essential element of joint venture, which must be present, and which is most obviously lacking, is an intention between the parties to associate in a joint enterprise in order to share in any profits or losses arising out of the transaction. The contract between the parties is simply a sale of timber, at so much per thousand board feet, by Chalmers to Simmons, together with the grant of a servitude of passage for Simmons to cut and remove the logs. Chalmers was to receive his set compensation, and Simmons was liable to him therefor, regardless of whether the enterprise conducted by Simmons resulted in a profit or a loss.
It is our conclusion that the allegations of plaintiff's petition, and the facts set forth in the attached timber deed, are insufficient to show that a joint venture existed between Chalmers and Simmons.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.