Billy Ray Smith was charged in the City Court of Bossier City with the offense of vagrancy as denounced by LRS 14:107(8).

Convicted, he was sentenced to serve nine months in jail. This appeal followed.

When the case was called in this court for a hearing the defendant appeared neither personally nor through counsel. Moreover, the record does not contain any bills of exceptions, and we find no error patent on its face.

Accordingly, the conviction and sentence will be and are affirmed.

204 So.2d 767

**Louis J. HAUTH, individually and as administrator of the Estate of the minor, Joseph Hauth,**

v.

**Emile IACOPONELLI, Netherlands Insurance Company, Schwegmann Brothers Giant Supermarket, Highway Insurance Company, James Terreson.**

No. 48659.

Dec. 11, 1967.

Porteous & Johnson, James L. Donovan, New Orleans, for defendants.

Donald V. Organ, New Orleans, for respondents.

Donald A. Hammett, of Hammett, Leake & Hammett, New Orleans, for plaintiff.

FOURNET, Chief Justice.

Louis Hauth instituted this suit in his individual capacity and in behalf of his three and a half year old minor son, Joseph, to recover damages for the personal injuries sustained by the child which were allegedly

caused by the joint operation of an inherently dangerous and defective coin operated mechanical horse owned by Emile Iacoponelli and located in Schwegmann Brothers Giant Supermarket, hereinafter referred to as Schwegmann, in that his right hand was enmeshed and crushed in the exposed shaft under the horse while there with his parents who had concluded their weekly grocery shopping, naming as defendants Schwegmann and Emile Iacoponelli as joint operators of the ride and their respective insurers, Highway Insurance Company and Netherlands Insurance Company. James Terreson, manufacturer of the mechanical horse, was also made defendant.[1]

Iacoponelli and his insurer filed an answer generally denying liability, as did Schwegmann and his insurer.[2] However, Schwegmann further answered the mechanical horse referred to was owned and operate solely by Emile Iacoponelli in space leased to him by Schwegmann for that purpose.

The trial judge was of the opinion that the relationship of the parties was one of joint venture rather than that of lessor-lessee and rendered judgment against the defendants and their respective insurers jointly and in solido in the full sum of $826 to Louis Hauth, individually, and $10,000 on behalf of the minor child from which judgment all defendants appealed

The Court of Appeal for the Fourth Circuit, contrary to the finding of the trial judge, concluded the relation between the parties was not one of joint venture, pointing out the mechanical horse was owned and operated by Iacoponelli in space in Schwegmann's place of business leased for that purpose on the rental basis that Schwegmann would receive 40% of the gross revenue. The judgment was accordingly amended by dismissing the suit as to Schwegmann, and as thus amended was affirmed. 195 So.2d 425.

The suit is now before us on a writ of certiorari granted on the application of Iacoponelli and his insurer in order that we might review the judgment of the Court of Appeal. 250 La. 645, 197 So.2d 899.

▬ From our appreciation of the evidence we think the relationship between Schwegmann and Iacoponelli in the operation of the mechanical horses was not one of joint venture. According to the record the horses were owned and operated by

1. Terreson was dismissed from the suit without prejudice on motion of counsel for the plaintiff.
2. Schwegmann additionally set forth in his answer that any damage sustained was caused by the negligence of Josephine Hauth, mother of the child and urged in the alternative contributory negligence on the part of plaintiff. Iacoponelli similarly stated in his answer any injury was due to the negligence of the father and mother of the boy and pleaded contributory negligence.

Iacoponelli in the supermarket at specified places in accordance with the verbal lease agreement with Schwegmann who was to receive 40% of the gross revenue as rental. The operation was conducted pursuant to a license issued in Iacoponelli's name and was in his exclusive control; he alone decided when and if a machine required maintenance or replacement, and personally collected the money from the coin boxes. Schwegmann had no control whatsoever or was he liable for any cost for repairs or losses, if any.

In the alternative counsel argues should we conclude, as did the Court of Appeal, that the relation between the parties was that of lessor-lessee rather than a joint venture, we should consider the issue of Schwegmann's negligence as owner and lessor of the premises to invitees in the place of business, as no consideration was given by the Court of Appeal although the court found there was no protective shield or cover around the collar and shaft to ward off the danger to children, and, hence should be held jointly liable.

Counsel can get no comfort from this isolated statement as it is taken from that part of the opinion of the court describing the cause of the child's injury which according to the testimony of Iacoponelli

was due to the defectiveness of the machine and as shown hereinabove was owned by relator and under his sole control and supervision at the time. Furthermore, counsel has shown no causal connection between the injury sustained by the child and any duty owed by Schwegmann to him as an invitee in his place of business.[3]

For the reasons assigned the judgment of the Court of Appeal is reinstated and made the judgment of this court.

204 So.2d 769

**STATE of Louisiana**

**v.**

**Salvador CUMMING.**

No. 48896.

Dec. 11, 1967.

---

3. Whatever duty Schwegmann owed to his invitee in his place of business insofar as the plaintiff is concerned passed out of this case when the judgment became final

as to him as he did not apply for writs to this court from the judgment of the Court of Appeal.