563 So.2d 1321 (1990)
Laura ROSIER, Individually and on Behalf of Her Minor Child, Michael Wesley Rosier, Plaintiffs-Appellants,
v.
H.A. LOTT, INC., the Port City Group, Inc., and Boeing Louisiana, Inc., Defendants-Appellees.
No. 89-128.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
*1322 Talbot, Sotile, Carmouche, Marchand & Marcello, Victor Marcello, Donaldsonville, for plaintiffs-appellants.
Robert L. Wyatt, Ada, Lake Charles, for Boeing Louisiana, Inc.
Hall, Lestage & Landreneau, H.O. Lestage, III, Deridder, for H.A. Lott, Inc.
Raggio, Cappel, Chozen & Berniard, Chris Trahan, Lake Charles, for Port City, Aetna.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Robert S. Dampf, Lake Charles, for B & G CRANE/USF & G.
Guillory & McCall, William T. McCall, Lake Charles, for USF & G.
Before DOMENGEAUX, C.J., and GUIDRY and KNOLL, JJ.
GUIDRY, Judge.
David Rosier was killed in a work-related accident on January 8, 1987. At the time of his death, he was employed by B & G Crane Service, Inc., d/b/a Sun Erection Company (Sun) and working on a project subcontracted to Sun by Port City Group, Inc. (Port City). Rosier's wife, Laura Rosier, filed suit for damages and wrongful death on behalf of herself and their minor child, Michael Rosier, against several parties including Port City. United States Fidelity & Guaranty Association (USF & G), as worker's compensation insurer for Sun, intervened in the suit to recover benefits paid to plaintiffs. Port City motioned for summary judgment which was granted by the trial court. Plaintiffs and USF & G appeal.
The issue presented on appeal is whether the trial court erred in granting summary judgment in favor of Port City holding that it, as general contractor, was decedent's statutory employer and, therefore, immune from suit in tort by decedent's survivors.

FACTS
The following facts are without dispute. Chennault Industrial Air Park Authority (Chennault) contracted with Port City, as general contractor, for the construction of five hangars to accommodate Boeing aircraft at the Chennault Industrial Airpark in Lake Charles. As general contractor, Port City entered into a subcontract with Sun to perform part of the work Port City had contracted to perform. At the time of the accident, Sun was erecting steel pursuant to the subcontract. While doing so, a load suspended by three cranes fell, causing the collapse of the other structures. David Rosier died from injuries he received from the collapsing structures. Plaintiffs filed suit against several defendants, including Port City. The latter filed a motion for summary judgment. The trial court sustained the motion based on La. R.S. 23:1032 and 1061 and interpretations given those statutes by the appellate courts of this state.

LAW
Port City is entitled to summary judgment under La. C.C.P. art. 966 only if the pleadings, depositions, answers to interrogatories, *1323 admissions and affidavits in the record show that there is no material issue of fact and Port City is entitled to judgment as a matter of law. Since there is no dispute as to the material facts, the only question is whether Port City is entitled to judgment as a matter of law.
At the time of the accident, La. R.S. 23:1061 and 1032 read in pertinent part as follows:
"§ 1061. Principal contractors; liability
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
§ 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof."
Under La. R.S. 23:1032, an injured employee's exclusive remedy against a statutory employer is in worker's compensation. A principal may become a statutory employer in either of two ways: (1) by contracting with another for the execution of work which is a part of the principal's trade, business or occupation; or, (2) by contracting with another to perform all or any part of the work which the principal is contractually obligated to perform. The latter situation is commonly referred to as the "two-contract" statutory employment defense to tort actions. Crater v. Mesa Offshore Co., 539 So.2d 88, 539 So.2d 94 (La.App. 3rd Cir.), writ denied, 542 So.2d 1382 and 543 So.2d 4 (La.1989); Guillory v. Ducote, 509 So.2d 455 (La.App. 3rd Cir.), writ denied, 510 So.2d 376 (La.1987), and cases cited therein; Williams v. Metal Building Products Co., Inc., 522 So.2d 181 (La.App. 5th Cir.), writ denied, 530 So.2d 82 (La.1988); Rogers v. Gervais Favrot Company, Inc., et al., 537 So.2d 381 (La.App. 4th Cir.1988).
Since Port City contracted with Chennault to construct hangars, then subcontracted to Sun a portion of the work and David Rosier was killed while employed by Sun working pursuant to the subcontract, plaintiffs' sole remedy against Port City is in worker's compensation. Summary judgment was properly granted.
Plaintiffs argue that the "two contract" statutory employer defense does not apply because steel erection service is specialized per se under the analysis of Berry v. Holston Well Service, Inc., 488 So.2d 934 (La. 1986). From this premise, they argue that, *1324 as a matter of law, the work being performed by plaintiffs' decedent was not part of the principal's trade, business or occupation, and the principal cannot be considered the statutory employer of decedent.
We conclude that Berry does not deal with the "two-contract" statutory employer defense. Footnote 3, page 936, of that opinion reads:
"3. The discussion throughout the remainder of this opinion does not deal with what may be called the "two-contract" statutory employer defense. La.R.S. 23:1032, 1061. In that situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the "sub" to do the whole or a part of the total job contracted by the "general." Under this contractual relationship, the contract work of the "sub" has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the "general." See Lewis [v. Exxon Corp., 441 So.2d 192 (La.1983)], supra (in dicta); Borne v. Ebasco Services, Inc., 482 So.2d 40 (La.App. 5th Cir.1986); Thornton v. Avondale Shipyards, Inc., 479 So.2d 7 (La.App. 5th Cir.1985); Brown v. Ebasco Services, Inc., 461 So.2d 443 (La. App. 5th Cir.1984), writ denied in part 462 So.2d 1235 (La.1985); McCorkle v. Gulf States Utilities Co., 457 So.2d 682 (La.App. 1st Cir.1984); Juris v. Lama Drilling Co., Inc., 457 So.2d 135 (La.App. 2d Cir.), writ denied 460 So.2d 1045 (La.1984); Certain v. Equitable Equipment Co., 453 So.2d 292 (La.App. 4th Cir.), writ denied 459 So.2d 535 (La.1984); Richard v. Weill Construction Co., Inc., 446 So.2d 943 (La.App. 3d Cir.), writ denied 449 So.2d 1356 (La.1984)."
Berry's analysis is therefore not controlling in the present case since the facts of this case are the identical facts contemplated in the footnote. Additionally, the language of the statutes make it immaterial whether Sun's subcontracted work is specialized or not because, under the established facts, Port City falls within the definition of principal.
Finally, appellants suggest that in Chauvin v. Gulf Coast Minerals, Inc., 509 So.2d 622 (La.App. 3rd Cir.), writ denied, 512 So.2d 1175 (La.1987), and Benoit v. Grey Wolf Drilling, Inc., et al, 520 So.2d 1104 (La.App. 3rd Cir.1987), writ denied, 522 So.2d 566 (La.1988), this court did not apply the "two-contract" statutory employer defense but rather applied the Berry analysis in rejecting the statutory employer defense. Chauvin and Benoit are not factually apposite. Suffice it to say that neither presented the classic "two-contract" statutory employer defense which has been approved by this circuit and other appellate courts.
For the foregoing reasons, the judgment appealed from is affirmed. Appellants are cast with all costs of this appeal.
AFFIRMED.