567 So.2d 1159 (1990)
Robert Jude LATIOLAIS, Plaintiff-Appellant, and
Rockwood Insurance Company, Intervenor-Appellant,
v.
BFI OF LOUISIANA, INC., et al., Defendants-Appellees.
No. 89-323.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
*1160 Davis, Wolff & Judice, Amos H. Davis, Baton Rouge, for plaintiff-appellant.
Johnson & McAlpine, Ronald A. Johnson, New Orleans, for intervenor-appellant, Rockwood Ins. Co.
Roy, Carmouche, Bivins, Judice, Henke, Breaud, Phillip E. Roberts, Lafayette, for defendant-appellee, Cecil Perry.
Iverson & Anman, D. Milton Moore, Monroe, for defendant-appellee, BFI of Louisiana, Inc.
Before GUIDRY, STOKER and LABORDE, JJ.
GUIDRY, Judge.
This appeal arises out of a tort suit filed by Robert J. Latiolais against Cecil Perry, d/b/a Cecil Perry Improvements, Ltd. and Cecil Perry Improvements, Ltd. (hereafter Perry), seeking to recover damages for a back injury allegedly sustained on July 16, 1986 while attempting to repair a tractor owned by Perry. At the time of the accident, plaintiff was employed as a laborer by M. Matt Durand, Inc. (hereafter Durand) who had contracted with Browning-Ferris Industries, Inc. (hereafter BFI) to construct a landfill. Rockwood Insurance Company (hereafter Rockwood), Durand's compensation carrier, intervened in the suit seeking to recover worker's compensation benefits and medical expenses paid to Latiolais. Perry denied tort liability arguing that it was a joint venturer with Durand on the landfill project and thus was immune from liability under La.R.S. 23:1032.
This matter was tried to a jury. The jury returned a verdict finding that Perry and plaintiff's employer, Durand, were participants in a joint venture. Thereafter, judgment was rendered dismissing plaintiff's suit and Rockwood's intervention with prejudice. Plaintiff and Rockwood each moved for and were granted a devolutive appeal.
On appeal appellants argue the same five assignments of error, all of which address but one issue, i.e., did the jury err in finding that Durand and Perry were joint venturers in the construction of the White Oaks Landfill.
On December 9, 1985, BFI and Durand entered into an agreement whereby Durand would "furnish all labor, material, supplies and construct [the] `White Oaks Landfill' as per plans and specifications". Signing as a witness to the agreement was Cecil Perry, president of Cecil Perry Improvements, Ltd. That same day a document entitled simply "Agreement" (see appendix) was drafted outlining the relationship between Durand and Perry in reference to the White Oaks Landfill project. The agreement between Durand and Perry was signed by the parties on January 9 and 10, 1986.
La.R.S. 23:1032 provides in part:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, *1161 against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." (Emphasis added)
In Buckbee on Behalf of Buckbee v. AWECO, Inc., 418 So.2d 698 (La.App. 3rd Cir.), writ denied, 422 So.2d 166 (La.1982), this court, finding joint ventures to be analogous and practically synonymous with partnerships, held that the provisions of La.R.S. 23:1032, limiting the injured party's claims to remedies under the worker's compensation laws, also applies to joint ventures and its members. Specifically, we stated, "[w]e, therefore, hold that a joint venture and its members is covered by the exclusive remedy provision of La.R.S. 23:1032". See also Guilbeau v. Liberty Mutual Insurance Co., 324 So.2d 571 (La. App. 1st Cir.1975), writ granted, 326 So.2d 379 (La.1976), three cases, affirmed in part, reversed in part, 338 So.2d 600 (La.1976), on remand, 345 So.2d 79 (La.App. 1st Cir.), writ denied, 346 So.2d 716 (La.1977).
Thus, if the "agreement" between Durand and Perry established a valid joint venture, as the jury found, Perry is immune from tort liability for plaintiff's accident.
Our brethren of the First Circuit, in addressing a question of the existence of a joint venture in Cajun Electric Power Cooperative, Inc. v. McNamara, 452 So.2d 212 (La.App. 1st Cir.), writ denied, 458 So.2d 123 (La.1984), stated:
"The jurisprudence has established that the essential elements of a joint venture are generally the same as those of partnership, i.e., two or more parties combining their property, labor, skill, etc. in the conduct of a venture for joint profit, with each having some right of control. Walker v. Simmons, 155 So.2d 234 (La.App. 3rd Cir.1963). Therefore, in general, joint ventures are governed by the law of partnership. Marine Services, Inc. v. A-1 Industries, 355 So.2d 625 (La.App. 4th Cir.1978).
LSA-C.C. art. 2801 defines partnership as follows:
"A partnership is a juridical person, distinct from its partners, created by a contract between two or more persons to combine their efforts or resources in determined proportions and to collaborate at mutual risk for their common profit or commercial benefit...."
The same requisites are applicable to a joint venture, and are as follows:
(1) A contract between two or more persons;
(2) A juridical entity or person is established;
(3) Contribution by all parties of either efforts or resources;
(4) The contribution must be in determinate proportions;
(5) There must be joint effort;
(6) There must be a mutual risk vis-a-vis losses;
(7) There must be a sharing of profits." (footnotes omitted)
Only the element of mutual risk, i.e., sharing of losses, is at issue in this appeal. Appellants argue that the trial court erred in finding the agreement between Durand and Perry to be a valid joint venture agreement because such agreement does not specifically provide for a sharing of losses. Thus, they argue, as a matter of law, it is not a valid joint venture agreement.
It is well settled that while what constitutes a joint venture is a question of law, the existence or nonexistence of a joint venture is a question of fact. Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 262 So.2d 350 (1972); Cajun Electric Power Cooperative, Inc. v. McNamara, supra.
"As a general rule, in order to constitute a joint venture it is necessary that the parties agree to share losses, and an important test in determining whether or not a joint venture exists is whether or not there is an agreement to share in *1162 losses. The term `losses' for purposes of the general rule is not limited to monetary losses, but includes time expenditures and out of pocket expenses, especially where one party to the venture furnishes property and the other only services.

The absence of an express agreement to share in losses is not conclusive as to the nature of the relationship, since such an agreement may be implied from an agreement to share profits. Moreover, it has been held not to be essential that the parties agree, expressly or impliedly, to share the losses, and when the nature of the undertaking is such that no losses other than time and labor in carrying out the undertaking are likely to occur, the agreement of the parties to divide profits may be sufficient to stamp the undertaking a joint venture." 48A C.J.S. Joint Ventures § 13. (Emphasis ours)
Although the "agreement" between Durand and Perry did not specifically provide for a sharing of losses, it did not preclude same. As aforestated, in determining whether a valid joint venture exists, the absence of an express agreement to share losses is not conclusive. Rather, an agreement to share losses may be implied if consistent with the overall terms of the agreement. The issue as to whether the parties, by their agreement, anticipated a sharing of losses is clearly an issue of fact within the province of the jury which should not be reversed absent a finding of clear error. Our examination of the record discloses no clear error in this regard.
Appellants next argue that the trial judge erred in allowing parole evidence to vary the terms of the agreement between Durand and Perry. We disagree.
The defendant did not seek nor was he allowed to introduce any evidence varying the terms of the agreement. Rather, the court allowed the admission of parole evidence in connection with Perry's claim that the agreement between the parties contemplated the sharing of losses. This evidence was clearly admissible. In Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981), the Louisiana Supreme Court stated:
"... Although parol evidence is inadmissible to vary the terms of a written contract, La.C.C. art. 2276, when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity and to show the intention of the parties. White v. Rimmer & Garrett, Inc., 340 So.2d 283 (La. 1976); Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965); Moreau v. Otis Elevator Co., 531 F.2d 311 (5th Cir.1976)."
As the agreement neither specifically provided for the sharing of losses nor specifically excluded loss sharing and inasmuch as a provision to share profits implies an agreement to share losses (C.J.S., supra), testimony on this issue was proper.
Finally, appellants contend that the jury erred in finding that the "agreement" established a valid joint venture between Durand and Perry because Matt Durand, president of M. Matt Durand, Inc., testified that Durand and Perry did not intend to share losses.
Durand's testimony, when considered in its entirety, lends little support to appellants' contention. Durand did testify that the two companies did not intend to share all expenses. However, his testimony also reflects an explanation of that statement: that certain items of expense were to be borne by the respective companies. These items included each employer's expense for their own employees' costs of travel to and from the job site, equipment repair costs and insurance. Finally, during cross examination, we find the following colloquy:
"Q. Now I'm talking aboutyou've got the income coming in from B.F.I. on this particular job, and the expenses that you and Mr. Perry had agreed that were chargeable to this job. After the expenses that were chargeable to the job were deducted from the income, if there were more such expenses than income, *1163 was it your intention to split those excess expenses with Mr. Perry's company?
A. Yes."
The trial court, after considering all of the evidence, concluded that Durand and Perry were involved in a joint venture in the construction of the White Oaks Landfill. We find no manifest error in this factual determination.
For the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellants.
AFFIRMED.

*1164 APPENDIX

*1165