GUIDRY, Judge.
This appeal is consolidated with two other appeals, Rabeaux v. Aetna Casualty & Surety Co., et al., 577 So.2d 1218 and Rosier v. H.A. Lott, Inc., et al., 577 So.2d 1218. These appeals arise as a result of two personal injury suits filed by plaintiffs following a construction site accident which occurred on January 8, 1987, at the Chen-nault Industrial Air Park in Lake Charles, Louisiana. The trial court dismissed plaintiffs’ suits against the general contractor defendants and/or their supervisory employee, on motions for summary judgment, concluding that such defendants were immune from suit under the exclusivity provisions of Louisiana’s worker’s compensation statute, La.R.S. 23:1032 and 23:1061. Following rendition of the latter judgments, the plaintiffs brought these appeals. The matters were consolidated after appeal. We consider the issues presented in all appeals in this opinion but we will render separate decrees in the consolidated matters.
FACTS
The facts of these cases are not in dispute. Chennault Industrial Airpark Authority (Chennault) advertised for public bids to construct five aircraft hangars to accomodate Boeing aircraft at the Chen-nault Industrial Airpark in Lake Charles. On September 23, 1986, the Port City Group, Inc. (Port City), a Lake Charles based construction company, entered into a “pre-bidding agreement” for the construction of these hangars with H.A. Lott, Inc. (Lott), a Houston, Texas based construction company. Pursuant to this pre-bid agreement, Port City and Lott jointly prepared a bid which was submitted in the name of Port City, without disclosure of Lott’s role to Chennault. The Port City bid was accepted by Chennault. Also pursuant to the September 23, 1986 “pre-bid” agreement, Lott and Port City executed a contract on October 1, 1986, setting forth the respective responsibilities of each contractor for the construction of these hangars. On October 10, 1986, Chennault and Port City executed the owner/contractor contract to construct these five aircraft hangars. The contract was entered into by Port City pursuant to the pre-bid agreement, and was acknowledged in the October 1, 1986 contract between Port City and Lott. As general contractor, Port City contracted with B & G Crane Service, Inc., d/b/a Sun Erection Company (Sun) to erect the steel structure of these hangars, as evidenced by a subcontract executed on October 20, 1986.
On January 8, 1987, while Sun was engaged in the performance of its subcontract, a crane collapsed causing the crane load to fall. Sun employees Neil Charles Rabeaux, David Rosier and Mark Kevin Smith were injured as a result of this accident.[1] David Rosier subsequently died.
SUIT OF NEIL CHARLES RABEAUX
Neil Charles Rabeaux filed suit against Port City, its insurer, Aetna Casualty and Surety Company (Aetna), and Lott, among others, for personal injury and damages sustained as a result of the crane collapse. United States Fidelity & Guaranty Association (USF & G), worker’s compensation insurer for sub-contractor Sun, intervened in the suit to recover benefits paid to Ra-beaux. Port City and Aetna filed a motion for summary judgment on June 17, 1988, which was rendered in their favor on June 15, 1989. In written reasons for summary judgment, the trial judge determined:
*1216 “Port City contracted to perform a job (to build five hangers), and it then subcontracted with Sun Erection (Plaintiffs employer) to perform part of that work so undertaken by Port City. According to R.S. 23:1061, Port City is the statutory employer of Sun Erection’s employee. Rabeaux was injured while in the performance of the construction work covered by Port City’s general contract with the Chennault Industrial Air Park Authority.”
Rabeaux and USF & G appealed this judgment which bears out docket number 89-1080.
On January 2, 1990, Lott and W.D. Amb-rose, a supervisory employee on the project for Lott, filed a motion for summary judgment contending that Lott was a “joint venturer” on the project with Port City and they should, therefore, be protected from tort claims in light of Buckbee on Behalf of Buckbee v. Aweco, Inc., 418 So.2d 698 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 166 (La.1982), which held that joint venturers are covered by the exclusive remedy provisions of La.R.S. 23:1032. The trial court rendered judgment in favor of Lott and Ambrose. Rabeaux and USF & G appealed. This appeal bears our docket number 90-890.
SUIT OF LAURA ROSIER
Laura Rosier, individually and on behalf of her minor child, Michael Wesley Rosier, filed suit for damages and wrongful death against Lott, Port City and Aetna, among others. USF & G, worker’s compensation insurer for Sun, intervened in the suit to recover benefits paid to Rosier and his dependents. Port City and Aetna motioned for summary judgment which was granted by the trial court. The trial court held that Port City, as general contractor, was decedent’s statutory employer, and was therefore immune from suit in tort. A panel of this court affirmed the determination of the trial court in Rosier v. H.A. Lott, Inc., et al, 563 So.2d 1321 (La.App. 3rd Cir. 1990), writ denied, 568 So.2d 1058 (La.1990).
Lott thereafter filed its motion for summary judgment on March 3, 1990, contending that Lott was a “joint venturer” on the project with Port City and should, therefore, be protected from tort claims pursuant to La. R.S. 23:1032 as interpreted in Buckbee, supra. On July 5, 1990, the trial court rendered judgment in favor of Lott. Rosier appealed. This matter, 577 So.2d 1218, was consolidated with the two Ra-beaux appeals.
TORT LIABILITY OF PORT CITY AND AETNA TO RABEAUX
We first consider whether the trial court erred by granting summary judgment in favor of Port City and Aetna and against Rabeaux, upholding their statutory employer defense. In Rosier, supra, a panel of this court considered this precise issue in connection with the injury and subsequent death of Rabeaux’s co-employee, David Rosier. In affirming the judgment of the trial court, we stated:
“Since Port City contracted with Chen-nault to construct hangars, then subcontracted to Sun a portion of the work and David Rosier was killed while employed by Sun working pursuant to the subcontract, plaintiffs’ sole remedy against Port City is in worker’s compensation. Summary judgment was properly granted.”
The principles of law relied upon in Rosier, supra, require no reiteration. In light of Rosier, supra, we affirm the ruling of the trial court granting summary judgment against Rabeaux and in favor of Port City and Aetna.
JOINT VENTURE LIABILITY
We next determine whether the trial court erred by rendering summary judgment in favor of Lott and Ambrose against the Rosiers and Rabeaux, finding that Lott was a joint venturer with Port City, a statutory employer, and therefore immune from tort liability pursuant to La.R.S. 23:1032.
At the time of the accident, La.R.S. 23:1032 read in pertinent part as follows:
“The rights and remedies herein granted to an employee or his dependent on *1217 account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.”
No mention of joint venture appears in R.S. 23:1032 however, partners, partnerships and their employees are granted immunity under this provision. In Buckbee, supra, a case which involved the tort liability of a joint venturer under La.R.S. 23:1032, a panel, of this court held:
“We find joint ventures to be analogous and practically synonymous with partnerships except that the joint venture is somewhat more limited than the partnership. There exists a commonality of purpose, control, intent and subject in the relationship between the parties. There can be no logical reason to treat the two entities (partnership and joint venture) or their members differently under LSA-R.S. 23:1032 simply because a joint venture and its members is not specifically enumerated in the statute.
As the jurisprudence has recognized the applicability of partnership law to joint ventures we see no reason to distinguish the two as far as the applicability of LSA-R.S. 23:1032 is concerned. We, therefore, hold that a joint venture and its members is covered by the exclusive remedy provision of LSA-R.S. 23:1032. To hold otherwise would reach an anomalous result without a valid distinction. The effect of the law would be unduly thwarted.”
In light of this court’s holding in Buck-bee, we must now determine whether Lott and Port City were joint venturers.
In Buckbee, we referred to the definition of joint venture as described in Westenber-ger v. State Department of Education, 333 So.2d 264, 270 (La.App. 1st Cir.1976):

“A joint venture is a special combination of two or more persons who engage in a specific venture for their joint profit or gain, without an actual partnership or corporate designation. Hayes v. Muller, 245 La. 356, 158 So.2d 191 [(1963) ]. It has been expressly held that a joint venture cannot exist where the business or enterprise is organized and operated in corporate form. Ault & Wiborg Co. of Canada, Ltd. v. Carson Carbon Co., 181 La. 681, 160 So. 298 [ (1935) ]. Moreover, to constitute a joint venture, each party must have equal right to direct and govern the conduct of the other involved, as well as some voice in the control and management of the business undertaking which is the subject of the parties’ relationship. Hauth v. Iacoponelli, 251 La. 410, 204 So.2d 767 [(1967)]. ”

The undisputed facts relating to the appeals of Rosier and Rabeaux are the same. Lott and Port City entered into three contracts: (1) a “pre-bidding agreement” of September 23, 1986; (2) a “contractor/subcontractor agreement” of October 1, 1986; and, (3) a “subcontract” of October 15, 1986. A review of these documents reveals that Lott and Port City agreed to share the responsibilities of general contractor on this construction project. Both parties shared in the performance and risks associated with the project. Gene R. Dark, president of Port City, and A.L. Jenson, chairman of the board of Lott, in sworn affidavits, stated that Lott and Port City consensually entered into a joint venture for the construction of the aircraft hangars. Ra-beaux and Rosier did not contradict the allegations of fact set forth in these affidavits which clearly establish a joint venture agreement between Port City and Lott. We conclude that the trial court did not err in its determination that Lott and Port City were joint venturers for the construction of *1218 the five aircraft hangars for Chennault and therefore, they and their employees are immune from tort liability pursuant to La. R.S. 23:1032.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Smith’s claim for damages is not at issue in these appeals.