KNOLL, Judge.
This appeal arises from a personal injury suit filed by the heirs of William Rester following a construction site accident on December 20,1986, at the Chennault Industrial Airpark in Lake Charles. The trial court dismissed Rester’s ordinary negligence claims[1] against the Port City Group, Inc. (Port City) and H.A. Lott, Inc. (Lott) on motions for summary judgment. The trial court found Port City and Lott immune from tort suits under the exclusivity provisions of Louisiana’s worker’s compensation statute, LSA-R.S. 23:1032 and 23:1061. The Resters and United States Fidelity & Guaranty Association (USF & G), the worker’s compensation carrier of Rester’s employer, contend on appeal that the trial court erred in its conclusion that Port City and Lott were statutory employers of Res-ter.
FACTS
The Chennault Industrial Airpark Authority advertised for public bids for the construction of five aircraft hangars at the Chennault Industrial Airpark. Prior to submitting a bid, Port City and Lott entered into a written pre-bidding agreement *675 on September 23,1986, for the construction of the hangars. Port City is a Lake Charles based construction company; Lott is a Texas based construction company which holds a Louisiana contractor’s license. Pursuant to their pre-bid agreement, Port City and Lott jointly prepared a bid and submitted it to Chennault without disclosure of Lott’s involvement. Chen-nault accepted Port City’s bid. Prior to executing the contract with Chennault, Port City and Lott entered into a written contract on October 1, 1986, setting forth their responsibilities to each other in connection with the construction of the hangars. Subsequently, on October 10, 1986, Chennault and Port City signed the owner/contractor contract to construct the five hangars. On October 20, 1986, Port City, as contractor, contracted in writing with Sun Erection Company (Sun) to erect the steel structures of the five hangars.
On December 29, 1986, Rester, an employee of Sun, was standing on an iron truss beam in excess of sixty (60) feet above the concrete floor of one of the hangars. Bundles of roof decking were being hoisted to Rester by a crane. While trying to place one of the bundles of decking material, Rester fell to the floor when the capping on the bundle came loose. He died almost instantaneously.
Rester’s heirs sued Port City, its insurer, Aetna Casualty and Surety Company (Aet-na), and Lott, inter alia, for damages and wrongful death sustained as a result of Rester’s fall. USF & G intervened to recover benefits it paid because of Rester’s death.
SUMMARY JUDGMENTS
The Resters and USF & G contend that the trial court improperly dismissed Port City and Lott on motions for summary judgment. We agree.
It is axiomatic that Port City and Lott were entitled to summary judgment under LSA-C.C.P. Art. 966 only if the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record show that there is no material issue of fact, and Port City and Lott are entitled to judgment as a matter of law.
Port City contended successfully in the trial court that it was the statutory employer of Rester because it was the “contractor” designated in the written contracts between it and Chennault, and that it in turn contracted with Sun to erect the hangars. Lott successfully argued in the trial court that it was a joint venturer with Port City, and under this circuit’s holding in Buckbee on Behalf of Buckbee v. AWECO, Inc., 418 So.2d 698 (La.App. 3rd Cir.), writ denied, 422 So.2d 166 (La.1982), it, too, was Rester’s statutory employer.
These identical issues were presented to the Louisiana Supreme Court in Rabeaux v. Aetna Casualty & Surety Company, 582 So.2d 846 (La.1991), a case involving Port City and Lott in a series of three industrial accidents which, in addition to the case sub judice, occurred during the construction of the Chennault hangars. On the appellate level, another panel of this circuit affirmed the dismissal of Port City and Lott on motions for summary judgment. We held that Port City was the contractor and Lott was a joint venturer with Port City; accordingly, we agreed with the trial court that Port City and Lott were the statutory employers of the injured workers, like Rester, all of whom were employees of Sun, and were insultated from liability in tort. 577 So.2d 1214/ 1218 (La.App. 3rd Cir.1991). Without elaboration, the Louisiana Supreme Court reversed our decisions, finding genuine issues of material fact in each. 582 So.2d 846.
We have reviewed our determination in Rabeaux, and find that the same evidence at issue therein was relied upon in the case sub judice in the trial court’s dismissal of Port City and Lott.
Because Lott was not identified to Chennault, we find that this created a genuine issue of fact regarding Port City’s designation as the contractor. Simply because it was referred to as contractor in the written agreement is not enough to shield it from tort liability under the peculiar facts presented herein.
*676 Likewise, it is well settled that what constitutes a joint venture is a question of law, while the existence or nonexistence of a joint venture is a question of fact. Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 262 So.2d 350 (1972); Latiolais v. BFI of Louisiana, Inc., 567 So.2d 1159 (La.App. 3rd Cir.1990). The requisites for the analysis of whether a joint venture exists are fully set forth in Cajun Elec. Power Cooperative, Inc. v. McNamara, 452 So.2d 212, 215 (La.App. 1st Cir.1984), writ denied, 458 So.2d 123 (La.1984), and may be summarized as follows:
“(1) A contract between two or more persons;
(2) A juridical entity or person is established;
(3) Contribution by all parties of either efforts or resources;
(4) The contribution must be in determinate proportions;
(5) There must be joint effort;
(6) There must be a mutual risk vis-a-vis losses;
(7) There must be a sharing of profits.”
After carefully reviewing the evidence presented herein, we cannot say that no genuine issue of material facts exists in the present case concerning the factual determination of whether a joint venture existed.
In making this determination, we are mindful that in Rosier v. H.A. Lott, Inc. 563 So.2d 1321 (La.App. 3rd Cir.1990), writ denied, 568 So.2d 1058 (La.1990), we found that Port City was the contractor and entitled to insulation from ordinary tort liability.
We note that nowhere in that opinion was the issue raised of Port City’s silent involvement with Lott in contracting the work with Chennault. Likewise, no mention was made of the question of whether the joint venture existed.
Accordingly, we find that the Rosier decision can be reconciled with the Supreme Court’s reversal of the summary judgments in Rabeaux and our reliance thereupon in the case sub judice.
Therefore, in accordance with the holdings of the Louisiana Supreme Court in its reversal of Rabeaux, we find that Port City and Lott were incorrectly dismissed by the trial court.
For the foregoing reasons, the judgment of the trial court dismissing Port City and Lott is reversed. This case is remanded to the trial court for further proceedings. Costs of appeal are assessed equally to Port City and Lott.
REVERSED AND REMANDED.

. The Resters' heirs also alleged that Port City and Lott were guilty of an intentional tort which resulted in the death of Rester. In the dismissal of their claims against Port City and Lott, the trial court specifically denied the motion for summary judgment as it related to the allegations of intentional tort.