liKLEES, Judge.
This case consists of sixteen consolidated suits which arose after a fire at the 1993 Super Fair in the Louisiana Superdome on June 4, 1993. According to the petitions, plaintiffs’ children and/or relatives sustained serious bums while passengers on a carnival ride known as the “Trabant.” The ride caught on fire while in motion; it failed to stop due to mechanical problems; the plaintiffs were burned. As a result of this incident, the plaintiffs filed suit against the owners, operators, sponsors, promoters, in *1032 spectors, insurers, and any other entity which had any connection whatsoever with the 1993 Super Fair. The defendants (Delta Beverage Group, Inc., and Pepsi/Seven-Up Beverage Group of Louisiana) were named in their capacity as sponsors or promoters of the 1993 Super Fair based on theories of strict liability and neghgence. Home Indemnity Company was named as their insurer.
After discovery, defendant/ beverage companies, filed a motion for summary judgment on the theory that a sponsor or promoter of an event cannot be hable if they have no custody or control over the rides. The motion was heard on February 2, 1996 and denied on February 16,1996.
The defendants sought supervisory writs and the appheation was denied on October 23, 1996. Thereafter, on December 13,1996, the Louisiana Supreme Court granted the writ appheation, and remanded the case for full briefing and argument. Oral arguments were conducted on April 7, 1997. After reconsidering the issue, we grant the writ ap-pheation and enter judgment for the defendants on the issue of sponsor liability.
The leading case in this area is St. Pierre v. Frey Amusement, 93-0653 (La.App. 4 Cir. 3/29/94) 635 So.2d 358. In St. Pierre, the plaintiff, a sixteen year old male, was injured when he fell off of a supershde at a church fair. The ride was closed, the ticket takers were gone, the ride was dark, and there was a barrier |2by the shde. The barrier was removed and the plaintiff, with a companion, went down the shde not knowing that the amusement company had begun to disassemble the ride. In the disassembly process, one of the panels was removed. The plaintiff fell to the ground. The plaintiff told a sheriff that he had fallen over a parking device. The defendant, Frey Amusement, contracted with the Prince of Peace Church. The church received thirty percent (30%) of the gross ticket receipts and Frey kept seventy percent (70%). The defendant “had exclusive control over the supershde.” Id. at 360. The church, the Archdiocese of New Orleans, and their Lability insurer were released on a motion for summary judgment. Since the church had no control over the supershde, there cannot be liability. See also Hauth v. Iacoponelli, 251 La. 410, 204 So.2d 767 (1967).
In this Super Fair case, the defendants indicated in a letter dated November 2,1992, they would “sponsor” the Super Fair. See “Response to Applicants’ Original Brief,” exhibit 2. There is also a contract between Facility Management of Louisiana (“FML”) and Super Fairs, Inc. (“Super Fairs”). Super Fairs agreed to be responsible for the sale of exhibit space to independent operators for use during the event and to provide liability insurance for the benefit of the public. See exhibit 3.
There is another contract between Super Fairs and Murphy Enterprises (“Murphy”) whereby Murphy agreed to provide the carnival rides, games, concessions, shows and exhibits in addition to the personnel needed to adequately erect operate and dismantle such equipment. Murphy further agreed to provide Lability insurance to protect the public.
A motion for summary judgment is appropriate when there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. The motion shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to this claim, faction, or defense and on which he will bear the burden of proof at trial. La. C.C.P. art. 966.
In this case, the plaintiffs have failed to establish any “facts” which would defeat the conclusion that under St. Pierre a fair “sponsor” cannot be held hable for rides and events over which he has no control. We find nothing to convince us that the defendants were anything other than a “sponsor.”
For these reasons, the writ appheation is granted. The trial court’s judgment denying summary judgment is reversed and summary judgment is rendered dismissing the relators from this suit.

WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.