NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1551

GENEVA VIDRINE, ET AL.

VERSUS

JASON T. LAFLEUR, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 67,352-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Michael G. Sullivan,
Judges.

AFFIRMED.

Jimmy L. Dauzat
Dauzat, Falgoust, Caviness and Bienvenu
505 S. Court Street
Opelousas, LA 70571-1450
(318) 942-5811
Counsel for Defendants/Appellees:
    Louisiana Farm Bureau Casualty Insurance Company
    Jason Lafleur

Charles C. Garrison
Caffery, Oubre, Campbell & Garrison
P. O. Drawer 12410
New Iberia, LA 70562-2410
(337) 364-1816
Counsel for Defendant/Appellee:
    Waven Lafleur

**Francis Marion Walker, Jr.**
**Plauche', Smith, & Nieset**
**P. O. Box 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**Counsel for Defendant/Appellee:**
**Louisiana Farm Bureau Casualty Insurance Company**

**Joseph F. Gaar, Jr.**
**Jason M. Welborn**
**J.P. D'Albor**
**Attorneys at Law**
**P.O. Drawer 2069**
**Lafayette, LA 70502**
**(337) 233-3185**
**Attorneys for Plaintiffs/Appellants:**
**Geneva Vidrine**
**Winston Vidrine**

**Chuck Randall West**
**West & Vidrine**
**P.O. Box 1019**
**Ville Platte, LA 70586**
**(337) 363-2772**
**Counsel for Plaintiffs/Appellants:**
**Geneva Vidrine**
**Winston Vidrine**

**Jean Ann Billeaud**
**Daigle, Jamison & Rayburn, LLC**
**P.O. Box 3667**
**Lafayette, LA 70502-3667**
**(337) 234-7000**
**Counsel for Defendant/Appellee:**
**Dutton-Lainson Company**

**DECUIR, Judge.**

Plaintiff, Geneva Vidrine, was driving her personal vehicle when it was struck by a utility trailer which came unhitched from a vehicle owned and operated by Jason Lafleur. At the time of the accident, the trailer was being used to transfer farm equipment from one set of acreage to another. Vidrine suffered significant injuries which resulted in her incurring $238,000.00 in past medicals. Her injuries will also require future surgeries. Vidrine and her husband filed suit against Jason Lafleur and his farm and automobile liability carrier, Louisiana Farm Bureau Insurance Company. In addition, they filed suit against Jason's father, Waven Lafleur, and his farm liability insurer, Louisiana Farm Bureau Insurance Company, alleging that Jason and Waven were engaged in a joint venture farming operation.

Waven moved for summary judgment on the grounds that he and Jason were not engaged in a joint venture and that there was no independent negligence on his part. The trial court rendered judgment in favor of Waven.

Plaintiffs appeal contending the trial court erred in finding that a joint venture did not exist between Jason and Waven.

## SUMMARY JUDGMENT

A summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)." The summary judgment is "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969," and summary judgment is favored and shall be construed to accomplish these ends. La.Code Civ.P. art. 966(A); *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-0281 (La. 3/14/97), 690 So.2d 41.

"In order for a joint venture to exist, the parties thereto must intend to enter into a joint venture." *Guillory v. Hayes*, 576 So.2d 1136, 1142 (La.App. 3 Cir. 1991); *Whittington v. Sowela Technical Inst.*, 438 So.2d 236 (La.App. 3 Cir.), *writs denied*, 443 So.2d 591, 592 (La.1983). There must be a contract between the parties establishing a juridical entity and requiring contribution by all parties of effort or resources. *Latiolais v. BFI of La., Inc.,* 567 So.2d 1159 (La. App. 3 Cir. 1990). Moreover, the contributions must be in determined proportions, require joint effort, and involve mutual risk and sharing of profits. *Id.*

It is a well-established practice in our state for farmers to help each other plant and harvest crops. The record reveals that the arrangements Jason and Waven had were typical of a father and son and neighboring farmers helping one another. Clearly there was some sharing of equipment and splitting of costs in various aspects of the farming operations. However, with regard to ultimate risk and profit on the final product, there was a clear separation between Jason and Waven's respective farms. Under these circumstances, we find the elements of a joint venture are not present, particularly, the intent to enter into a joint venture, the existence of a juridical entity, or the sharing of mutual risk and profits. Our review of the record reveals no error in the trial court's ruling.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to plaintiff-appellants.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.