LOBRANO, J.,
Dissents with Reasons.
|TIn Darden v. Cox, 240 La. 310, 123 So.2d 68 (La.1960), the Louisiana Supreme Court set forth the prerequisites for establishing the existence of a commercial partnership without a written agreement. One of those prerequisites is that the parties *224 must share in the losses as well as the profits of the businesses. Because I find that Mr. Sacco did not establish that he and Ms. Paxton shared in the profits of the businesses at issue, I respectfully disagree with the majority’s conclusion that Mr. Sacco established the existence of a partnership in this case.
In Darden, the Court stated that the second element necessary to establish the existence of a partnership is that “all parties must share in the losses as well as the profits of the venture.” Id., p. 319, 123 So.2d at 71. An agreement to share losses may be implied from an agreement to share profits. Riddle v. Simmons, 40,000, p. 31 (La.App. 2 Cir. 2/16/06), 922 So.2d 1267, 1287; Latiolais v. BFI of Louisiana, Inc., 567 So.2d 1159, 1162 (La.App. 3 Cir.1990). In my opinion, even accepting Mr. Sacco’s claim that his “sweat equity” constituted a sharing of losses on his part, the evidence presented in this case overwhelming shows that Mr. Sacco did not share in the profits of the businesses at issue. As the trial court correctly stated in its jury instructions regarding the elements of a partnership, “[ejach partner participates equally in profits, commercial benefits, and losses of the |2partnership unless the partners have agreed otherwise.” The intent to share in the profits and losses must be expressed and should not be implied from the parties’ conduct. Glover v. Sowada, 457 So.2d 101, 107 (La.App. 5 Cir.1984). Mr. Sacco and Ms. Paxton did not participate equally in the profits of the businesses, and by Mr. Sacco’s own admission in his testimony, he and Ms. Paxton never discussed percentages of profits or agreed to split profits unevenly.
The evidence, including tax returns and business ledgers, shows that the sums paid to Mr. Sacco during the years 1998-2003, when he worked with Ms. Paxton, were far less than 50% of the profits of the businesses at issue during those same years. Although Ms. Paxton increased Mr. Sacco’s compensation as the businesses became more profitable, there was never an equal sharing of profits between Ms. Pax-ton and Mr. Sacco, and Mr. Sacco conceded that there was no agreement to split profits unevenly. A prerequisite to establishing a partnership is the intent of both parties that there be a business relationship between the parties and that the relationship has all of the major characteristics of a partnership. Id. at 104-105 (citing Darden) (emphasis in original).
In my opinion, Mr. Sacco failed to establish not only the lack of intent on the part of Ms. Paxton that she and Mr. Sacco share in the profits of the businesses at issue, he also failed to prove that he and Ms. Paxton in fact shared the profits of these businesses, which is an essential element of a commercial partnership under the rules set forth in Darden. Even if Ms. Paxton and Mr. Sacco agreed to form a “partnership”, the absence of a sharing of profits between them is, in my opinion, fatal to Mr. Sacco’s claim that their business relationship was a legally recognized commercial partnership or joint venture. For that reason, I would reverse the trial court judgment in favor of Mr. Sacco and render judgment dismissing Mr. Sacco’s claims against defendants with prejudice.