446 So.2d 943 (1984)
Kenneth Lee RICHARD, Plaintiff-Appellant,
v.
WEILL CONSTRUCTION COMPANY, INC. & Kenhar Industries, Ltd., Defendants-Appellees.
No. 83-507.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
Writ Denied May 4, 1984.
*944 Gachassin and Capretz, Susan Severance, Kraft, Andrus & Preis, Ralph Kraft, Lafayette, for defendants-appellees.
C. Michael Hill, Lafayette, for plaintiff-appellant.
Before FORET, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
This appeal is by the plaintiff, Kenneth Richard, contesting a summary judgment dismissing his tort suit against a defendant, Weill Construction Company, Inc. We affirm.
The summary judgment question arose because of the following circumstances. Weill contracted with Our Lady of Lourdes Hospital of Lafayette in 1981 for the erection, construction and completion of additions and alterations to the hospital. Weill as the general contractor was to furnish all labor, materials, tools and equipment necessary to perform the contract. On March 12, 1981, Weill entered into a subcontract with Aristile LeBlanc & Sons, Inc. whereby Aristile LeBlanc was to furnish and install all items of plumbing, storm drainage, hearing, ventilation, air conditioning and excavation and backfill. The plaintiff was an employee of Aristile LeBlanc. On September 28, 1981, plaintiff was required to aid in the unloading of certain equipment to be used at the hospital site. While an evaporation coil was being lifted by a fork, the forklift broke and the coil fell on plaintiff causing injuries. The forklift was owned and operated by Weill.
The plaintiff brought the present tort suit against Weill and Kenhar Industries, Inc., the installer of the fork assembly on the forklift. Weill filed a motion for summary judgment alleging there is no genuine issue as to any material fact concerning its relationship to the parties and that, as a matter of law, it is entitled to judgment because of the tort immunity afforded to statutory employers pursuant to LSA-R.S. 23:1032. The trial judge granted summary judgment in favor of Weill and the appropriateness of that judgment is the only issue on appeal.
The Louisiana Supreme Court in Vermilion Corp. v. Vaughn, 397 So.2d 490 (La. 1981) stated:
"[4-6] A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Mashburn v. Collin, 355 So.2d 879 (La.1977). To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Adickes v. S.H. Kress & Co., supra; Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The papers supporting mover's position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied *945 his burden. Adickes v. S.H. Kress & Co., supra; 6 Moore's Federal Practice, § 56.15[3]."
Plaintiff bases his appeal on the contention that Weill failed to meet its burden of showing that the work being done by plaintiff, at the time of his accident, was within the scope of Weill's trade, business or occupation so as to establish statutory employer status under the worker's compensation law. Plaintiff contends that this presents a material fact question which can only be resolved by a trial on the merits. Weill, on the other hand, argues that it is not necessary that it show the plaintiff was engaged in Weill's respective trade, business or occupation, but rather it was sufficient to show that Weill had contracted to do the work at Our Lady of Lourdes Hospital and had subcontracted the actual performance of part of the work to plaintiff's employer. Defendant cites LSA-R.S. 23:1032 and Barnhill v. American Well Service and Salvage, 432 So.2d 917 (La.App. 3rd Cir. 1983) in support of its argument.
LSA-R.S. 23:1032, in part, provides:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." (emphasis supplied)
In interpreting LSA-R.S. 23:1032 this court in Barnhill, supra, held that a principal is immune in tort, and liable in worker's compensation, any time the principal contracts to do any work, and then contracts with another party for the performance of the work.
In the present case, plaintiff's petition clearly reveals that Weill was the general contractor on the job where plaintiff was working at the time of the accident and that his immediate employer, Aristile LeBlanc, was performing the work as a subcontractor of Weill. The affidavit of Leopold Weill, Jr., the President of Weill Construction Company, Inc., shows that Weill entered into a contract with Our Lady of Lourdes Hospital in 1981 to furnish all labor, materials and equipment needed for the erection, construction and completion of the additions and alterations to the hospital as per the plans prepared by the hospital architects. The affidavit further shows that on March 12, 1981, Weill subcontracted with Aristile LeBlanc to furnish all the labor, materials and equipment needed for the furnishing and installation of the plumbing, storm drainage, heating, ventilation, air conditioning, and excavation and backfill as per the plans prepared by the hospital architects. The existence of the general contract and the subcontract are not disputed by appellant.
It is clear from the undisputed facts that the work being performed by plaintiff at the time of the accident was in furtherance of Aristile LeBlanc's contractual obligation to Weill. Plaintiff's work was also part of the contractual obligations which Weill had with Our Lady of Lourdes Hospital. The contractual obligations existing between Weill and Aristile LeBlanc subjects the general contractor (Weill) to liability for worker's compensation to Aristile LeBlanc's employees. Weill is therefore immune from tort liability. LSA-R.S. 23:1032 and R.S. 23:1061; Barnhill, supra.
There is no issue of material fact as to this position. The affidavits and other documents fully support the trial court's conclusion that Weill's motion for summary judgment should be granted.
*946 For the reasons assigned the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.