457 So.2d 135 (1984)
Cicero Garner JURLS, Plaintiff-Appellant,
v.
LAMA DRILLING COMPANY, INC., Defendant-Appellee.
No. 16432-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
Writ Denied November 26, 1984.
*136 David L. Carriere, Opelousas, for plaintiff-appellant.
Mayer, Smith & Roberts by Kim Hanson LaVigne, Shreveport, for defendant-appellee.
Before HALL, MARVIN and NORRIS, JJ.
MARVIN, Judge.
Plaintiff appeals a summary judgment rejecting his demands in tort against Lama Drilling Company, Inc., on the finding of no dispute of the material fact that Lama was plaintiff's statutory employer and immune from tort liability under LRS 23:1032, 1061. CCP Art. 966. We affirm.
Under a written contract with an exploration company, Lama obligated itself to drill a well on a Mississippi well site for a stated price per day and to "move in, rig up, tear down, and move out" Lama's drilling rig for a lump sum price. Lama orally contracted with plaintiff's primary employer, Newport Trucking Company, Inc., to tear down the Lama rig after drilling was completed and to transport it elsewhere. Plaintiff was injured while assisting Lama employees in tearing down the rig. He sued Lama, alleging that a Lama employee negligently caused him injury.
The worker's compensation law states that a principal is liable to its statutory employees in either of two situations under the disjunctive definition of principal in LRS 23:1032 and 1061.[1] The principal is liable to those employees of an employer who undertakes to execute any work which is a part of the principal's trade, business or occupation, and to those employees of an employer who contracts with the principal to execute any work which the principal had contracted to perform. Under either definition, a principal is granted immunity from tort liability to such statutory employees. § 1032, Barnwell v. American Well Service & Salvage, 432 So.2d 917 (La. App.3d Cir.1983); Richard v. Weill Const. Co., Inc., 446 So.2d 943 (La.App.3d Cir. 1984).
The trial court found that the relationship of Lama and the primary employer of plaintiff satisfied both of the § 1032 definitions. Plaintiff's employer undertook to execute work which was a part of Lama's business as a drilling contractor, and plaintiff's employer contracted with Lama to execute work which Lama had contractually obligated itself to perform. We find no error in the trial court's conclusions.
Plaintiff contends that because of "wide divergence" and ambiguity in the contract between Lama and the exploration company, Lama did not meet its burden of establishing the material fact that Lama contracted to remove the rig from the well site. Plaintiff argues that Lama and the exploration company contemplated that plaintiff's primary employer would perform this work because Lama did not employ drivers and operators or own the truck and crane that were to be used in moving the Lama rig.
The facts of the individual case determine whether a particular activity is a part of the principal's business under LRS 23:1032, 1061. While this court and other courts have supplied adjectives such as usual, necessary, customary, and routine to modify the statutory language "part of the business of the principal," the adjectives do not facilitate resolution of what is or is not a "part" of the business. See Lewis v. Exxon Corp., 441 So.2d 192, 198 (La.1983); Foster v. Western Electric Company, 258 So.2d 153, 155 (La.App.2d Cir.1972); Malone-Johnson "Workmen's Compensation," 2d Ed., La.Civil Law Treatise, Vol. 13, § 126, p. 252. The more accurate inquiry is whether the activity or work in question can reasonably be said to be a "part of the nature and purpose of the principal's [business] enterprise." Lewis, cited supra.
*137 Employees of hauling or trucking contractors that serve the oil and gas industry have been recognized consistently as statutory employees of the principal who hires the hauling contractor. See Malone-Johnson § 126, p. 254, and cases there cited and discussed. Drilling contractors serve exploration companies in the oil and gas industry. Hauling contractors serve drilling contractors. The drilling contractor moves its rig to the explorer's well site, drills to the desired depth, and then removes the rig to another location. See Malone-Johnson, cited supra. We have no difficulty concluding that plaintiff and his primary employer were performing work (removing the rig from the well site) that was a part of the nature and purpose of Lama's drilling business, even though Lama did not own trucks and cranes to do this work.
Moreover, Lama was contractually obligated to execute this work by a special typewritten provision of its written contract with the exploration company. The contract is on a form entitled International Association of Drilling Contractors DRILLING BID PROPOSAL AND DAY WORK DRILLING CONTRACTU.S., Revised September 1979. The form consists of nine pages and includes four pages of contract language, and two exhibits totaling five pages. The contract expressly obligated Lama to "move in, rig up, tear down, and move out" its drilling rig for a stated "lump sum" price to be paid by the exploration company. The fact that the printed check list in the exhibit contains language that states that many items of the work, including "transportation" of Lama's property, shall be "provided by and at the expense" of the operating company, does not make ambiguous the special provision of the contract that obligates Lama. We construe the contract as a whole and agree with the trial court that Lama also is a principal under the second of the definitions of principal in the worker's compensation law. § 1032.
For the reasons and authorities given by the trial court which we have summarized and supplemented, and at appellant's cost, summary judgment is affirmed.
NOTES
[1] "For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." LRS 23:1032, in part, with emphasis.