457 So.2d 682 (1984)
Mack H. McCORKLE, Jr.
v.
GULF STATES UTILITIES COMPANY.
No. 83 CA 1028. 
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*683 Ralph Kelton, Baton Rouge, for plaintiff-appellant Mack H. McCorkle, Jr.
Carey J. Guglielmo, Baton Rouge, for defendant-appellee Gulf States Utilities Co.
Before COVINGTON, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed the judgment dismissing his tort suit on a motion for summary judgment filed by defendant, Gulf States Utilities Company (GSU).
The only issue is whether defendant has established, sufficiently for purposes of summary judgment, that it is the plaintiff's statutory employer and thus insulated from tort liability under Louisiana's Worker's Compensation law.
We affirm.
Defendant GSU contracted with a subdivider to install a street lighting system, using sodium lights on embedded steel poles, and subcontracted a portion of the job (the erection of the steel utility poles) to plaintiff's employer, Jim Best Construction Company (Best). While working for Best on that job, plaintiff was injured when a utility pole he was helping to erect came into contact with an uninsulated power line owned by the defendant. Plaintiff subsequently sued defendant in tort for damages. On the defendant's motion for summary judgment, the trial court found that GSU was plaintiff's statutory employer under LSA-R.S. 23:1061[1] because Best's work was within GSU's regular trade, business or occupation. The court held that the plaintiff's exclusive remedy was thus in worker's compensation, under, LSA-R.S. 23:1032[2], and granted summary judgment dismissing plaintiff's tort suit.
*684 Plaintiff appealed, but in his brief stated that he did not disagree with the trial court's conclusion that GSU was his statutory employer. Instead, plaintiff devoted most of his argument trying to convince this court that he has (despite jurisprudence and a statutory directive to the contrary) an alternate right to proceed against GSU in tort, under LSA-C.C. art. 2317.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
In a tort suit by an injured employee of a contractor, the principal bears the burden of proving that the work being performed was part of its trade, business or occupation, Lushute v. Diesi, 354 So.2d 179 (La.1977). Generally, in order for a work or project to be within a principal's trade, business or occupation, it must be routine or customary, or some other type of activity which is necessary for the principal's day-to-day operations, or is "an actual part of the nature and purpose of the principal's enterprise." Benson v. Seagraves, 436 So.2d 525 (La.1983); Lewis v. Exxon Corporation, 441 So.2d 192 (La.1983) (on rehearing).
Defendant submitted an affidavit signed by its vice-president in charge of the Baton Rouge Division, a twenty-four year employee. His affidavit states the following: Defendant is engaged in the business of generating, distributing, and transmitting electrical energy. Defendant engages in both the maintenance and installation of electrical transmission and distribution lines. The installation of a street lighting system is work regularly performed by its own employees; is subcontracted out to outside workers only when its own workforce is overloaded; and is thus "an integral and necessary part" of its trade, business or occupation. Best is one of several contractors defendant regularly employs to handle this type of work.
Attached exhibits showed that defendant entered into a contract with Best in 1978 in which the latter agreed to perform, when requested by the defendant, certain work which included construction of electric distribution facilities. In December of 1980, defendant's employees prepared a cost estimate on the project to install a street lighting system for the subdivision. The defendant required Best, pursuant to their standing agreement, to furnish "necessary labor, tools, equipment, supervision (and) materials, ... not furnished by Gulf States Utilities Company."
The plaintiff failed to submit any opposing affidavits, with one possible exception: an unlabeled, unattached affidavit signed by a co-employee of plaintiff is in the record, and was filed on the date of the hearing on the motion for summary judgment. However, there is no indication on whose behalf it was submitted. In any case, the affidavit does not address the issue before us and thus is not persuasive.
After a thorough review of the record, we cannot say that the trial court was clearly wrong in concluding that the erection of utility poles is work within the regular trade, business or occupation of the *685 defendant. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Additionally, we note that GSU would be plaintiff's statutory employer even if the project on which Best was engaged was not one of regularity or custom for GSU. Whenever a principal contracts to perform work for another (which GSU did in this case)even if it is the first and only time that the principal plans to engage in such a projectthe principal is, for the purposes of injuries resulting from that project, engaged in that trade, business or occupation. Lewis v. Exxon Corporation, supra.
Plaintiff argues primarily that summary judgment is inappropriate because his suit is founded on LSA-C.C. art. 2317. In effect, he is arguing that although defendant is immune from tort liability as plaintiff's statutory employer under LSA-R.S. 23:1032 and 23:1061, defendant may still be sued in tort in its alternate capacity as custodian, under C.C. art. 2317, of the power line which injured plaintiff.
Similar arguments urging the application of the dual capacity doctrine in circumstances such as this have previously, and properly, been rejected by this court. Cf. Hebert v. Gulf States Utilities Company, 369 So.2d 1104 (La.App. 1st Cir.1979), writ denied, 369 So.2d 466 (La.1979). Then Justice Tate, facing similar arguments sometime ago against the exclusive nature of Louisiana's worker's compensation remedy, stated:
"In view of our settled jurisprudence, the contention of plaintiff is one which addresses itself more properly to the legislature. That body has met time and time again and is presumed to be aware of our rulings. Yet it has not seen fit to amend the (Worker's Compensation) statute to conform to the views and contentions advanced by the plaintiff ..." Broussard v. Heebe's Bakery, Inc., 263 La. 561, 268 So.2d 656 (1972).
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant shall pay all costs of appeal.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1061 provides, in pertinent part:

§ 1061. Principal contractors; liability
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him;
[2] LSA-R.S. 23:1032 provides, in pertinent part:

§ 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof....