548 So.2d 106 (1989)
Willie A. BRADFORD, Individually et al., Appellant,
v.
VILLAGE INSURANCE COMPANY, et al., Appellee.
No. 20670-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
Rehearing Denied September 21, 1989.
Writ Denied December 1, 1989.
Wagner and Wells by Thomas O. Wells, B. Gerald Weeks, Alexandria, for appellant.
Provosty, Sadler & DeLaunay by Ronald J. Fiorenza, H. Bradford Calvit, Alexandria, for Grebo Const. Co. and St. Paul Fire and Marine, appellees.
H. Gregory Walker, Jr., Alexandria, for Gorham Masonry and Hartford Acc. and Indem., appellees.
Stafford, Steward & Potter by Grove Stafford, Jr., Alexandria, for Wal-Mart, appellee.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
The tort action of a subcontractor's employee against the general contractor was dismissed by summary judgment on the trial court ruling the general contractor, as a statutory employer, was clothed with tort immunity under our worker's compensation law. Plaintiff appealed. For the reasons explained, we affirm.
Wal-Mart Stores, Inc. contracted with Grebo Construction Company, ("Grebo") an Arkansas corporation, to construct a stockroom addition to a store in Winnfield. Grebo had only one fulltime employee and did most of its work through subcontractors. Consequently, Grebo verbally contracted with Gorham's Masonry Contractors ("Gorham's") to lay cement blocks in the addition. Grebo was to furnish all materials and Gorham's the labor. Bradford was employed by Gorham's as a mason's helper.
During the course of construction of a cement block wall, Bradford was attempting to place a steel rod down through cement blocks when the rod came into contact with a high voltage power line and Bradford was seriously injured. He filed suit against several defendants, including Grebo, which filed a motion for summary judgment.
In sustaining the motion for summary judgment, the trial judge reasoned the "two contract" statutory employer defense had not been nullified by Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). Therefore, since Grebo had contracted to perform the entire job and subcontracted with Gorham's to do the masonry work, Grebo was the statutory employer of Bradford and, as such, was immune from tort liability to plaintiff.
In appealing the judgment, plaintiff argues Berry intended to abolish the "two contract" rule since this would shield the general contractor from both tort liability *107 and liability for worker's compensation which would be covered by the subcontractor. Adopting the Berry analysis, plaintiff asserts since Grebo never intended to perform the specialized masonry work required in the project, Grebo cannot be immune from tort liability.
The holding of Berry does not apply to the "two contract" defense since Berry involved an owner rather than a general contractor. Additionally, this argument by the plaintiff is in direct conflict with the written reservation of the "two contract" defense by the Court in footnote three:
"3. The discussion throughout the remainder of this opinion does not deal with what may be called the `two contract' statutory employer defenses. La. R.S. 23:1032, 1061. In that situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the `sub' to do the whole or a part of the total job constructed by the `general'. Under this contractual relationship, the contract work of the `sub' has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the `general'. See Lewis, [v. Exxon Corp., 441 So.2d 192 (La.1983)] supra (in dicta); Borne v. Ebasco Services, Inc., 482 So.2d 40 (La. App. 5th Cir.1986); Thornton v. Avondale Shipyards, Inc., 479 So.2d 7 (La. App. 5th Cir.1985); Brown v. Ebasco Services Inc., 461 So.2d 443 (La.App. 5th Cir.1984), writ denied in part, 462 So.2d 1235 (La.1985); McCorkel v. Gulf States Utilities Co., 457 So.2d 682 (La.App. 1st Cir.1984); Juris v. Lama Drilling Co., Inc., 457 So.2d 135 (La.App. 2d Cir.), writ denied, 460 So.2d 1045 (La.1984); Certain v. Equitable Equipment Co., 453 So.2d 292 (La.App. 4th Cir.), writ denied, 459 So.2d 535 (La.1984); Richard v. Weill Construction Co., Inc., 446 So.2d 943 (La.App. 3d Cir.), writ denied, 449 So.2d 1356 (La.1984)."
The worker's compensation law provides:
R.S. 23:1032: The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof, (emphasis added)
R.S. 23:1061: Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed, (emphasis added)
We held in Juris v. Lama Drilling Company, Inc., 457 So.2d 135 (La.App. 2d Cir. 1984), writ denied, 460 So.2d 1045 (La. 1984), that where the general contractor hires a subcontractor to perform work that was a part of the nature and purpose of the general contractor's business, the general *108 contractor was a statutory employer even when the general contractor, itself, did not own the equipment necessary to perform the work.
The general contractor was deemed to be immune from tort liability and named the statutory employer of the employee of its subcontractor in Williams v. Metal Building Products Co. Inc., 522 So.2d 181 (La. App. 5th Cir.1988). The Supreme Court denied writs in Williams, 530 So.2d 82 (La.1988), and stated, "There is no error of law." See also Jackson v. Louisiana Power & Light, et al, 510 So.2d 8 (La.App. 5th Cir.1987), writ denied, 514 So.2d 134 (La. 1987); Guillory v. Ducote, 509 So.2d 455 (La.App. 3d Cir.1987), writ denied, 510 So.2d 376 (La.1987); Albin v. Red Stick Const. Co., Inc., 509 So.2d 110 (La.App. 1st Cir.1987).
For these reasons, the trial court's decision is AFFIRMED, at plaintiff's cost.

ON APPLICATION FOR REHEARING
Before FRED W. JONES, Jr., NORRIS, LINDSAY, MARVIN and HIGHTOWER, JJ.
Rehearing denied.