583 So.2d 859 (1991)
Roland Paul LEGROS
v.
NORCEN EXPLORATION, INC., and Production Systems & Services, Inc.
CA 90 0557.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
Writs Denied November 1, 1991.
Frank Flynn, Lafayette, and James Williams, Lake Charles, for plaintiff and Travelers Ins., appellant.
*860 Felix Weill, Cathryn Long, Baton Rouge, for Norcen Explorers.
Bert Cass, New Orleans, for Production Systems, Inc.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
GONZALES, Judge.
This appeal arises following the dismissal of the tort suit of plaintiff, Roland Paul Legros, on motion for summary judgment filed by defendant, Production Systems & Services, Inc. ("Production"), on a finding that Production was the statutory employer of plaintiff.[1] Both plaintiff and Travelers Insurance Company[2] have appealed from the summary judgment in Production's favor, asserting as error the trial court holding that no genuine issue exists as to any material fact.

FACTS
At the time of the accident, plaintiff worked as a roustabout for Gianfala & Sons, Inc. ("Gianfala"), doing general labor. Production was under contract with Norcen to make daily gauge readings and perform necessary maintenance to a gas well, known as "Hamilton Young Well No. 1", owned by Norcen. Production personnel had determined that in order to maintain the ability of the well to produce, the installation of a "heater treater" was necessary. The installation was approved by Norcen and Gianfala was contacted by Production to provide the labor. An employee of Production, Isaac Phillip Foret, Jr., was the overall supervisor and representative of Production on the job; he oversaw the work and physically assisted the Gianfala crew as needed.
On the day of the accident, the Gianfala crew obtained a ladder from the Production shop for use on the job. Plaintiff was injured when he fell from the ladder. It is alleged that the ladder was missing a rubber pad from the bottom, and that, plaintiff was using the ladder without someone to brace it, contrary to safety policies.

MOTION FOR SUMMARY JUDGMENT
Summary judgment under La.C.C.P. art. 966 is available only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La. 1982); Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577 (La. 1989); Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542 (La.App. 1st Cir.1983); Gulf-Wandes Corporation v. Vinson Guard Service, Inc., 393 So.2d 207 (La. App. 1st Cir.1980), writ denied, 397 So.2d 1359 (La.1981). Where the court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Thompson, 411 So.2d at 28; Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La. 1981); Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381 (La.App. 1st Cir. 1990), writ denied, 573 So.2d 1136 (La. *861 1991). The issue presented to this court then becomes whether there were any factual issues presented as to plaintiff's status as a statutory employee of Production.

LOUISIANA WORKER'S COMPENSATION LAW
Under La.R.S. 23:1032, an employee's exclusive remedy for injury, compensable sickness or disease is worker's compensation; an employee may not sue his employer or any "principal" in tort. "Principal" is defined by La.R.S. 23:1032(A.)(2) as "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." A person rendering service for another in any trade, business or occupation covered under the worker's compensation laws is presumed to be an employee for purposes thereof. La.R.S. 23:1044. That presumption is rebuttable upon establishment of the status of a worker as an independent contractor. Dye v. Ipik Door Company, 570 So.2d 477 (La.App. 5th Cir.1990). An independent contractor is "any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished ... unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the contract...." La.R.S. 23:1021(6).
The factors to be considered in analyzing whether or not a worker is an independent contractor include: selection and engagement, the payment of wages, the power of dismissal, and control or lack thereof by the employing party. 570 So.2d at 480; Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736 (La.App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989). Even if a worker is found to be an independent contractor, he may still be subject to worker's compensation laws if he is also determined to be a statutory employee under La.R.S. 23:1032 and 23:1061. Dye, 570 So.2d at 480.
Louisiana Revised Statutes, Title 23:1032 (in pertinent part) provides:
A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
....
(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Louisiana Revised Statutes, Title 23:1061(A.) provides:
When any person, in this Section referred to as the "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, *862 except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.[3] [Emphasis added.]
The provisions of these articles contemplate two distinct bases for a compensation obligation: 1) the execution of any work which is a part of the principal's trade, business, or occupation (one-contract situation), or 2) the execution of any work which the principal had contracted to perform, and contracts with another person for the execution thereof (two-contract situation). See Johnson, Developments in the Law, 1987-1988Worker's Compensation, 49 La.L.Rev. 549, 556 (1988). The jurisprudence treats each of these situations differently as will be seen from the discussion which follows.
Prior to the amendment of 23:1061(A.), Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986), provided a three prong test[4] for determining when a principal could be considered the statutory employer of a contractor's employees in a one-contract situation. The court in Brock v. Chevron Chemical Company, 750 F.Supp. 779, 781 (E.D.La.1990), has recently interpreted the amendment to be a repudiation of the Berry test and a reinstatement of previous jurisprudence providing for a liberal standard for principal tort immunity and requiring only that contract work be a part of the principal's trade, business or occupation for principal tort immunity. The Brock court went on to hold that a "worker is performing work that is within the `trade, business or occupation' of the principal ... whenever the work done by the employee is essential to the principal's business", relying on Thibodaux v. Sun Oil Company, 40 So.2d 761 (La.App. 1st Cir.1949), affirmed, 218 La. 453, 49 So.2d 852 (1950). 750 F.Supp. at 782. Further, the Brock court held that because the 1989 amendment is merely interpretative of prior law and does not disturb vested rights, La.R.S. 23:1061 has retroactive application. 750 F.Supp. at 783. Contra Fountain v. Central Louisiana Electric Co., 578 So.2d 236 (La.App. 3d Cir.1991) (concurring opinion).
We find it unnecessary to address the retroactivity of the 1989 amendment to La.R.S. 23:1061 and its effect on Berry because Berry did not involve a "two-contract" situation such as exists in the instant case. Berry distinguished the "two-contract" arrangement as follows:
The discussion throughout the remainder of this opinion does not deal with what may be called the "two-contract" statutory employer defense. La.R.S. 23:1032, 1061. In that situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the "sub" to do the whole or a part of the total job contracted by the "general." Under this contractual relationship, the contract work of the "sub" has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the "general." See Lewis [v. Exxon Corp., 441 So.2d 192 (La.1983)] ...; Borne v. Ebasco Services, Inc., 482 So.2d 40 (La.App. 5th Cir. 1986) [writ denied, 486 So.2d 755 (La. 1986)]; Thornton v. Avondale Shipyards, *863 Inc., 479 So.2d 7 (La.App. 5th Cir.1985); Brown v. Ebasco Services, Inc., 461 So.2d 443 (La.App. 5th Cir. 1984), writ denied in part 462 So.2d 1235 (La.1985); McCorkle v. Gulf States Utilities Co., 457 So.2d 682 (La.App. 1st Cir.1984); Juris v. Lama Drilling Co., Inc., 457 So.2d 135 (La.App. 2d Cir.), writ denied 460 So.2d 1045 (La.1984); Certain v. Equitable Equipment Co., 453 So.2d 292 (La.App. 4th Cir.), writ denied 459 So.2d 535 (La.1984); Richard v. Weill Construction Co., Inc., 446 So.2d 943 (La.App. 3d Cir.), writ denied 449 So.2d 1356 (La.1984). [488 So.2d at 936, n. 3.]
In the two-contract situation, the contractor (or "principal" in the language of 23:1061) undertakes to do a job for another, and then contracts with a subcontractor to perform all or part of the work. All that is required under La.R.S. 23:1032 and 23:1061 to render the contractor or "principal" liable in compensation and therefore immune in tort is the following: 1) defendant/contractor entered into a contract with a third party; 2) pursuant to that contract, work must be performed; 3)in order for defendant/contractor to fulfill its contractual obligation to perform the work, he entered into a subcontract for all or part of the work performed. Beddingfield v. Standard Construction Company, 560 So.2d 490 (La.App. 1st Cir.1990); Aetna Casualty and Surety Company v. Schwegmann Westside Expressway, Inc., 516 So.2d 412 (La.App. 1st Cir.1987). See also Bradford v. Village Insurance Company, 548 So.2d 106 (La.App. 2d Cir.), writ denied, 552 So.2d 396 (La.1989). It is not necessary to establish whether the job undertaken by the subcontractor was part of the contractor/principal's usual trade, business, or occupation. Thornton v. Avondale Shipyards, Inc., 479 So.2d 7 (La.App. 5th Cir. 1985); Johnson, 49 La.L.Rev. at 556-557.[5]
In the instant case, Production was hired by Norcen to provide service and maintenance to its gas well, including the installation of additional equipment (the "heater treater"). Production contracted with Gianfala to perform the manual labor on the job. Since Production is the contractor and Gianfala is the subcontractor, Production is the statutory employer of Mr. Legros. Consequently, Production is immune from tort liability to Mr. Legros under Louisiana law.
Appellants argue that because Production insulated itself from compensation liability "in contradiction of the aims of Section 1061" by requiring Gianfala to provide worker's compensation to its employees, it should not be granted immunity as a statutory employer. We find no merit in such an argument. In fact, La.R.S. 23:1061(B.) provides:
When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
Unless the principal/contractor and subcontractor agree that the burden of worker's compensation payments is to be borne by the principal/contractor, La.R.S. 23:1061(B.) entitles the principal/contractor to indemnity from the primary employer. Andrews v. Spearsville Timber Company, 343 So.2d 1008 (La.1977). Thus, the agreement between Production and Gianfala only reinforced the statutory mandate.
Likewise, appellants' emphasis of the fact that Gianfala invoiced Norcen directly is of no consequence. Ronald John Bartels, the president of Production, testified that because of the insurance surcharge on supplemental work[6] performed, "we would *864 contact them [Gianfala] to do the work for us, and then just ask that they bill Norcen direct." Mr. Bartels further stated that Gianfala would make out an invoice to Norcen and send it to the Production post office box, at which time, a Production employee would verify the charges, approve the invoice for payment, and forward it to Norcen for payment. Byron Bernard Gianfala, the president of Gianfala, testified that "we were, working for Production...." Mr. Gianfala further testified that "Production ... dictates to us who to bill, either them ... or Norcen direct."
The testimony presented on behalf of Production was sufficient to resolve all material issues of fact. The burden then shifted to appellants to present evidence showing that a material fact is still at issue. Nathans v. Vuci, 443 So.2d 690 (La.App. 1st Cir.1983). Appellants have presented no evidence which would indicate that a material fact is still at issue; i.e., that Gianfala was not hired by Production as a subcontractor. Thus, we find no question of fact remained for the trial court and the summary judgment was properly granted dismissing Production from the tort suit. For these reasons, the judgment of the trial court is affirmed; all costs of this appeal are to be borne by appellants herein.
AFFIRMED.
NOTES
[1] Also made defendants to this suit were Norcen Exploration, Inc. and Norcen Explorers, Inc. (hereinafter collectively referred to as "Norcen"); Norcen Explorers, Inc. was also dismissed on motion for summary judgment, however, no appeal was taken from that judgment.
[2] Travelers Insurance Company is an intervenor in this lawsuit, seeking to recover amounts paid to and on behalf of plaintiff as the worker's compensation carrier of Gianfala.
[3] The final sentence of La.R.S. 23:1061 was added by Acts 1989, No. 454, Section 3, effective January 1, 1990.
[4] The Berry determination of a statutory employment relationship involves a three level analysis composed of the following inquiries: 1) examination of the scope of the work contract whether specialized or non-specialized; 2) comparison of principal's trade, business or occupation and the contract work to see if the latter can be considered a part of the principal's trade, business or occupation; and 3) whether principal is engaged in work at the time of the alleged accident.
[5] The Third Circuit has continued to apply the Berry test in two-contract situations. See Benoit v. Grey Wolf Drilling, Inc., 520 So.2d 1104 (La. App. 3d Cir.1987), writ denied, 522 So.2d 566 (La.1988); Chauvin v. Gulf Coast Minerals, Inc., 509 So.2d 622 (La.App. 3d Cir.), writ denied, 512 So.2d 1175 (La.1987). However, there is no authority for such an approach and it has been criticized in Johnson, 49 La.L.Rev. at 557.
[6] Mr. Bartels testified that his company had been involved in the initial installation of the well for Norcen, and that the project on which plaintiff worked was for the subsequent installation of additional equipment.