WATKINS, Judge.
This is a tort suit by Floyd J. and Janice Rivere against several corporations for injuries allegedly received by Mr. Rivere at the Louisiana site of a hazardous waste cleanup where he was a supervisor from October 28, 1987, until January 15, 1988.
Defendant, NPC Services, Inc. (NPC), filed a motion for summary judgment, which was granted[1] on the ground that NPC was plaintiffs statutory employer under the two-contract theory and immune from tort liability under the Louisiana Worker’s Compensation Act (LWCA).[2] It is undisputed that NPC had entered into one contract with nine defendant companies; NPC’s contractual obligation was to perform work to remediate various waste sites pursuant to an order in a lawsuit filed by the United States against Petro-Processors of Louisiana, Inc. (Petro *744 Processors), under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). To carry out the work it contracted for, NPC then entered into a second contract with Harmony Corporation (Harmony), the company that hired plaintiff to be a supervisor at the worksite.
On appeal plaintiffs contend that the trial court erred for the following reasons:
1. NPC’s contract with the defendant companies cannot be counted as one of the two contracts for a statutory-employer defense because NPC is the alter ego of the defendant companies.
2. NPC cannot be declared the statutory employer by the trial court because CERC-LA has preempted state law on the issue.
3. NPC was not the statutory employer given the “dual capacity” of NPC.
ALTER EGO DOCTRINE
Plaintiffs alleged that NPC was the “alter ego” of the defendant companies. NPC’s alter ego status, according to the plaintiffs’ reasoning, deprived it of the capacity to enter into a contract with the defendant companies so as to satisfy the requirements of the two-contract defense to tort liability. Prior to submitting the case for a decision on the motions for summary judgment, plaintiffs, NPC, and the defendant companies stipulated that “all facts pertaining to the allegations of ‘piercing the corporate veil’, and that NPC Services, Inc. is simply an [‘alter ego/shell’] corporation on behalf of its shareholder/defendant companies for purposes of the corresponding potential liability of the defendant companies shall be considered to be genuine issues of fact.” On appeal plaintiffs contend that the stipulation precluded summary judgment in NPC’s favor because of the existence of genuine issues of fact concerning the “validity and/or the actual existence of the purported contract” between NPC and the defendant com-pañíes. Therefore, plaintiffs assert, they are entitled to establish the “singular identity” of NPC and its shareholders and to “benefit from the application and effect of [‘alter ego’] law.”
Plaintiffs overlook the fact that even if they were to prove at trial that NPC was the alter ego of the defendant companies, nevertheless the contract between NPC and the defendant companies could be asserted by NPC as one of the two contracts required for its two-contract defense to tort liability. Under Louisiana jurisprudence even illegal employment contracts are not absolutely null; instead, the purely illegal contract is a relative nullity. Ewert v. Georgia Cas. & Sur. Co., 548 So.2d 358 (La.App.3d Cir.), writ denied, 551 So.2d 1339 (La.1989). If NPC’s contract with the defendant companies was a relative nullity, NPC, as the party that lacked the capacity to contract; would be the only party legally entitled to assert that nullity. LSA-C.C. art. 1919 and art. 2031.[3]
Accordingly, there is no merit to plaintiffs’ contentions that summary judgment was barred either by the stipulation or the alter ego doctrine.
PREEMPTION BY FEDERAL LAW
The federal law regulating cleanup of hazardous waste sites is at 42 U.S.C. § 9601 et seq. Plaintiffs acknowledge that Section 9614 provides that the federal law is not to be construed as preempting any state law from imposing additional liability for requirements with respect to the release of hazardous substances within the state. However, the plaintiffs assert, federal law does not permit states to “immunize, shield or absolve” parties potentially liable for the release of hazardous substances, which is what will occur if NPC’s statutory employer defense is upheld. Plaintiffs cite no authority, and we know of none, for the proposition that Title 42 of the United States Code or any *745 other federal law prohibits the statutory employer defense which is a part of the LWCA.
This assignment of error is without merit.
DUAL CAPACITY
It is plaintiffs’ position that even if NPC was the statutory employer of Mr. Riv-ere, NPC is liable under tort law pursuant to the “dual capacity” doctrine which formed the basis of the holding in Ducote v. Albert, 521 So.2d 399 (La,1988). In that case a doctor who treated the plaintiff claimed he was immune to tort liability because he was a company doctor and a co-employee of the plaintiff. The Louisiana Supreme Court held that the doctor was not entitled to tort immunity because he functioned simultaneously in two roles, each carrying a different set of legal obligations. Under the dual capacity doctrine, the company doctor was liable for a breach of duty attendant to his role as a medical professional, regardless of his status as a co-employee.
Although the dual capacity found in Ducote is not difficult to comprehend, we fail to see how the circumstances of that case can be stretched to become authority for application of the dual capacity doctrine in the instant case. The plaintiffs’ contention that NPC “wore two hats: that of the statutory employer of Floyd Rivere, and that of an owner, operator and transporter of ultra-hazardous toxic waste and sites” is inaccurate. It was as an “owner, operator and transporter” that NPC became Mr. Rivere’s statutory employer by contracting with the sub-contractor that, in turn, hired Mr. Rivere. We find no merit in plaintiffs’ argument that NPC is subject to tort liability under the dual capacity doctrine.
In summary, there is neither a factual nor a legal issue which would bar summary judgment in NPC’s favor declaring NPC to be Mr. Rivere’s statutory employer. Appellant is cast for all costs of this appeal.
AFFIRMED.
SHORTESS and FOGG, JJ., concur.

. Other defendants, hereinafter referred to as “defendant companies,” also filed for summary judgment, which was denied. The defendant companies were Exxon Corporation, The Dow Chemical Corporation, Ethyl Corporation, Allied-Signal, Inc., ICI Americas, Inc., USX Corporation, Uniroyal, Inc., Copolymer Rubber and Chemical Corporation, and Shell Oil Company. The defendant companies applied to this court for supervisory writs, which were denied. See # 92-CW-1650.

. The LWCA limits an employee’s rights and remedies against his employer or any principal of his employer for injuries sustained during the course and scope of his employment to worker’s compensation benefits; there is no tort remedy. LSA-R.S. 23:1032. A “principal” is any person who undertakes to execute any work which he had contracted to perform and contracts with any person for the execution thereof (the two-contract defense). LSA-R.S. 23:1061 (A). Under the two-contract test for statutory employer immunity, a defendant is a statutory employer if the following conditions exist: (a) the defendant entered into a contract with a third party (first contract); (b) pursuant to that contract, work was to be performed; and (c) to fulfill its contractual obligation to perform the work, the defendant entered into another contract for all or part of the work (the second contract). Legros v. Norcen Exploration, Inc., 583 So.2d 859 (La.App. 1st Cir.), writs denied, 588 So.2d 101 and 109 (La.1991). Statutory employers under the two-contract test are immune to tort claims made by injured employees of a subcontractor retained by the defendant. Beddingfield v. Standard Const. Co., 560 So.2d 490 (La.App. 1st Cir.1990).

. The code articles provide, in pertinent part:
A contract made by a person without legal capacity is relatively null and may be rescinded only at the request of that person or his legal representative. LSA-C.C. art. 1919.
A contract is relatively null when ... a party lacked capacity ... at the time the contract was made. A contract that is only relatively null may be confirmed.
Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative. LSA-C.C. art. 2031.