GONZALES, Judge.
This appeal arises following the dismissal' of the tort suit of plaintiff, Emma Gobert, on a motion for summary judgment filed by defendant, McDermott, Inc. Plaintiff appeals from the judgment in favor of defendant, claiming that the trial court erred in finding that there was no genuine issue of material fact as to defendant’s status as her statutory employer under the “two-contract” theory, and was therefore, immune from tort liability.
FACTS AND PROCEDURAL HISTORY
Plaintiff alleges that on or about September 19, 1989, she was injured while working as an insulator/shipyard worker for her employer, Jamestown Metal Marine Sales, Inc. (Jamestown), during the construction of a vessel for defendant at defendant’s shipyard in Amelia, Louisiana. She claims recovery *874 against defendant under La.C.C. arts. 2315, 2317, and 2322.
Following a motion by summary judgment filed by defendant on April 10,1992, the trial court granted judgment in favor of defendant on April 27, 1993 and dismissed plaintiffs petition.[1] Plaintiff appeals the judgment, asserting the following assignment of error:
The Trial Court erred in granting defendant’s Motion for Summary Judgment, finding as a matter of law that [plaintiff], Emma Gobert, was a statutory employee of defendant, McDermott Incorporated, under the “two-contract defense” theory when [1] the Louisiana Supreme Court has not ruled on the specialization question[,] and [2] the Trial Court did not establish whether [the] two contracts, used by McDermott to claim the “two-contract defense” theory, were in fact valid and legal.
MOTION FOR SUMMARY JUDGMENT
The law applicable to summary judgments is set forth in Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101,109 (La.1991) as follows:
Summary judgment under La.C.C.P. art. 966 is available only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. (Citations omitted.) All doubt concerning dispute[s] as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. (Citations omitted.) Where the court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. (Citations omitted.) The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that [the] mover is entitled to judgment as a matter of law is summary judgment warranted. (Citations omitted.)
The issue presented to this court is whether there were any factual issues presented as to plaintiffs status as a statutory employee of defendant.
STATUTORY EMPLOYER DEFENSE: TWO-CONTRACT THEORY
The statutory employer defense to tort liability arises from the language of La.R.S. 23:1032, read in conjunction with La.R.S. 23:1061. Mathew v. Aetna Casualty and Surety Company, 578 So.2d 242, 243-244 (La.App. 3d Cir.1991). These statutory provisions contemplate two distinct bases upon which a principal may avail itself of the statutory employer defense: (1) by contracting with another for the execution of work which is part of the principal’s trade, business, or occupation; or (2) by contracting with another to perform all or any part of the work which the principal is contractually obligated to perform. Legros v. Norcen Exploration, Inc., 583 So.2d at 862; Mathew v. Aetna Casualty and Surety Company, 578 So.2d at 244. The latter situation is commonly referred to as the two-contract statutory employment defense and was described by the Louisiana Supreme Court in Berry v. Holston Well Service, Inc., 488 So.2d 934, 936 n. 3 (La.1986), as follows:
In [the two-contract] situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the “sub” to do the whole or a part of the total job contracted by the “general.” Under this contractual relationship, the contract work of the “sub” has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the “general.” (Citations omitted.)
Thus, to prevail on summary judgment, the party asserting the two-contract defense must establish that (1) defendant *875 entered into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for defendant to fulfill its contractual obligation to perform the work, he entered into a subcontract for all or part of the work performed. Legros v. Norcen Exploration, Inc., 588 So.2d at 863.
In the instant case, the evidence submitted by defendant in connection with its motion was sufficient to support the trial court’s finding that summary judgment was appropriate. In an affidavit, Louis Tampo-rello, Jr., defendant’s contract administrator, states that defendant entered into contracts with the United States Navy for the construction of four vessels. These contracts were executed on various dates from December of 1987 through March of 1988. The existence of these contracts is confirmed by documentation attached to Tamporello’s affidavit. Tamporello also states that, on September 6, 1988 and December 15, 1988, defendant entered into a subcontract with Jamestown “for joiner work, which includes the installation of insulation ... required under the basic contract between the Navy and [defendant].” Copies of the September 6, 1988 purchase order as well as several amendments to the purchase order issued by defendant to Jamestown for the joiner work were submitted with Tamporello’s affidavit.
Further, defendant submitted the affidavit of David Aman, the controller of Jamestown. In his affidavit, Aman attests to his personal knowledge of the contracts entered into by defendant and Jamestown “for work to be done by Jamestown and McDermott in the course of the construction of the Navy vessels YTT-9, YTT-10, YTT-11[,] and YTT-12 at the McDermott yard in Amelia,, Louisiana.” According to Aman, Jamestown was first engaged to do work in the construction of the vessels by McDermott by purchase order dated September 7, 1988,[2] and that after the purchase order was received, Jamestown commenced the joiner work.
This evidence establishes that (1) defendant entered into a contract with the United States Navy; (2) pursuant to that contract, construction of naval vessels had to be performed; and (3) in order for defendant to fulfill its contractual obligation to perform the work, it entered into a subcontract with Jamestown for part of the work performed.
Plaintiff argues that the trial court erred in granting summary judgment because it did not establish whether the two contracts used by defendant to claim the two-contract defense were in fact valid and legal. Plaintiff claims that the “[t]rial [c]ourt did not require [defendant] to produce the contracts for examination prior to granting defendant’s [m]otion [f]or [s]ummary [judgment.” This argument is without merit. The record shows that the contracts at issue were filed with the affidavit of Louis Tamporello, Jr. on April 10, 1992, and that the summary judgment was granted seventeen days later by a judgment rendered, signed, and filed on April 27, 1992. Further, the trial court’s written reasons for judgment, rendered on April 23, 1992, indicate that the court considered the affidavits and contracts in making its decision on the motion. Therefore, it is clear that the trial court did examine the contracts prior to granting the motion for summary judgment.
SPECIALIZED NATURE OF WORK PERFORMED BY JAMESTOWN
Plaintiff argues that the work being performed by plaintiff at the time of her accident was “specialized.” According to plaintiff, the lack of Louisiana Supreme Court jurisprudence as to whether a finding of “specialization” is relevant to a two-contract defense analysis precludes summary judgment in this case. However, a determination that a party is entitled to summary judgment as “a matter of law” does not require that the applicable law emanate from the Supreme Court. The Fourth Circuit Court of Appeal has held that “the specialization question is immaterial in considering the two-contract defense.” Crochet v. Westminster City Center Properties, 572 So.2d 720, 723 (La.App. 4th Cir.1990). Even absent a *876 statement by our Supreme Court, we find that this is a correct statement of the law.[3]
DECREE
The trial court properly determined that there were no genuine issues of material fact as to defendant’s status as plaintiffs statutory employer under the two-contract defense theory. Accordingly, the judgment of the trial court is affirmed; all costs of this appeal are to be borne by plaintiff.
AFFIRMED.

. In addition to dismissing plaintiff's petition, the trial court also dismissed a petition of intervention filed by Jamestown and Liberty Mutual Insurance Company; however, no appeal was taken from the dismissal of the petition of intervention.

. Although Aman's affidavit lists the purchase order date as September 7, 1988, the purchase order document itself indicates that it was issued on September 6, 1988, and verbally confirmed on September 7, 1988.

. Although plaintiff argues that the work being performed by Jamestown was specialized, there is no evidence in the record to support this argument. Even if this were a legitimate argument, once defendant presented sufficient documentation to resolve all material issues of fact, plaintiff could no longer rest on the allegations of her pleadings; it then became incumbent on plaintiff to set forth specific facts showing that there is a genuine issue for trial. La.C.C.P. art. 967; Dornier v. Live Oak Arabians, Inc., 602 So.2d 743, 746 (La.App. 1st Cir.), writ denied, 608 So.2d 177 (La.1992); Bradford v. Louisiana Downs, Inc., 606 So.2d 1370, 1374 (La.App. 2d Cir.1992). Plaintiff has presented no facts or evidence to create a factual dispute as to the specialized nature of the work being performed by Jamestown and its employees. Therefore, this argument is without merit.