| EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Jeffrey Bordelon, defendant-appellant, from a $76,500 judgment in favor of Kevin Boyer, plaintiff-appellee, in this defective premises action. For the following reasons we reverse.
The basic facts are straightforward. It was stipulated that Bordelon was a general contractor engaged in building his own house. Bordelon in turn sub-contracted with Dargis Electric to do the electrical work. Boyer was employed by Dargis as an electrician.
Boyer testified that he went to the job alone one Saturday morning to install some ceiling fixtures on a second story porch. The porch was about ten feet above the ground and had a ten foot ceiling over it. While working overhead Boyer lost his balance, fell to the porch floor, and then rolled off the floor and fell to the ground below. There was no railing around the porch at the time.
Boyer collected workers’ compensation benefits from Dargis. He also sued Bor-delon and his insurer, State Farm Fire and Casualty Co., in tort alleging that the lack of a railing on the porch constituted a defective [ ¡¡.condition in the premises owned by Bordelon. A jury returned a verdict in favor of plaintiff of $170,100, reduced by 55% for plaintiffs comparative fault. After deducting for the intervention claim of the workers’ compensation insurer, a final judgment was entered in plaintiffs favor and against Bordelon and State Farm for $76,000.
Bordelon urged a motion for JNOV, or alternatively for a new trial or remittitur, all of which relief was denied by the trial judge. He now appeals.
The issue before us here is whether Bordelon, as the general contractor, was immune from a suit in tort by an employee of a sub-contractor on the job. The applicable statutes are the versions of La. R.S. 23:1032 and 1061 in effect on November 23, 1996, the date of the accident. The present version of Sec. 1032, which was in effect at the time of the accident and establishes employer immunity from tort actions, provides pertinently:
A. (l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compen *86 sation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing, or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents,- or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
|sThe previous version of Sec. 1061, applicable to this case and establishing employer liability for payment of workers’ compensation benefits, stated pertinently:
(A) When any person, in this Section referred to as the “principal”, undertakes to execute any work, which is part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the “contractor”, for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him;
[[Image here]]
These statutes are, in effect, mirror images of one another in that the first establishes workers’ compensation as an employee’s exclusive remedy against his employer, and the second imposes a duty to pay such compensation on the employer. Both also define who is to be considered an employer or “principal” in almost identical terms. A “principal” is any person who undertakes to execute any work 1) which is part of his trade, business, or occupation or 2) which he had contracted to perform and contracts with any person for the execution thereof. Thus, as a general rule, where a general contractor is legally bound as a principal for payment of workers’ compensation to an injured employee of a sub-contractor, he is likewise immune from a tort suit by that same employee, Legros v. Norcen Exploration, Inc., 583 So.2d 859 (La.App. 1st Cir.1991).
In the present case, there was a stipulation that Bordelon was the general contractor who had undertaken the work of building a new house. It was also uncontested that he contracted with Dargis Electric to perform part of that work, that Boyer was an employee of Dargis, and that he was injured while doing that work. Applying the above statutes to these facts, it |4is clear that Bordelon was a principal and therefore liable for payment of compensation to Boyer, as well as being immune from this tort suit by Boyer.
Plaintiff asserts that his case against Bordelon is not based on his actions as a general contractor, but rather on his alleged negligence as owner, as well as on his status as the custodian of a defec *87 tive thing, i.e. the balcony without a protective railing. While this argument of liability based on an alternative capacity of Bordelon might be theoretically sound in other contexts, its application is precluded in the present case by La. R.S. 23:1032(A) (1) (b). That clause prohibits use of “any dual capacity theory or doctrine” to circumvent the exclusive provisions of the workers’ compensation scheme. Therefore, because Bordelon is immune from tort liability as general contractor, he is also immune in his capacity as owner of the property, and the tort judgment against him must be set aside.
Plaintiff has answered the appeal, asserting that the jury’s apportionment of 55% of the fault to him was error. However, because of our determination that Bor-delon is immune from this suit, this issue is moot.
For the foregoing reasons, the judgment against Jeffrey Bordelon and his insurer State Farm Fire and Casualty Co. is hereby reversed.

REVERSED.